WALL, by guardian *ad litem*, Respondent, vs. THE TOWN OF HIGHLAND, Appellant.

*September 25 — October 9, 1888.*

*Highways: Injury from defect: Notice to town: Description of place: Degree of care to be exercised by traveler: Instructions to jury.*

1. A notice of injury from a defective highway, which describes the place of the injury as a *bridge,* when in fact it was a *culvert,* is nevertheless sufficient if it otherwise designates the place in such a way that it can be found without difficulty.

2. Unless a traveler knows of a defect in the traveled track he has the right to assume that it is reasonably safe. And he is bound to use only such care as the great mass of ordinarily prudent men would exercise under like circumstances.

3. It is not error to refuse to give to the jury an instruction which is substantially included in the general charge.

4. It appearing that there were two holes in a culvert, one in the north and one in the south traveled track, an instruction that the jury must not consider any testimony relative to the hole in the north track was properly refused, although the evidence showed that the plaintiff's horse stepped into the hole in the south track, since the presence of the hole in the north track may have caused the horse to cross the culvert in the south track.

Wall, by guardian ad litem, vs. The Town of Highland.

APPEAL from the Circuit Court for *Iowa* County.

On May 23, 1886, the plaintiff was riding on horseback along the highway in the defendant town, at an ordinary trot, and when crossing a culvert in the highway the horse stepped through a hole therein, and fell, throwing the plaintiff to the ground and injuring him. He brings this action to recover damages therefor, and charges the insufficiency of the highway, and the negligence of the town in not repairing it, as grounds of his action. ·In its answer to the complaint the defendant town denies that the highway was defective or insufficient, or, if defective, that it had any notice thereof; and denies the sufficiency of the notice of the injury, required by sec. 1339, R. S.

The trial of the cause resulted in a verdict for the plaintiff, in which the jury found specially that (1) the highway at the culvert where the horse fell was out of repair at the time of the accident; (2) the town is chargeable with notice of this want of repair before the accident, and should have repaired it before that time; and (3) the plaintiff, at the time of the accident, was exercising ordinary care in riding along the highway. The jury also returned a general verdict for the plaintiff, and assessed his damages at $325. A motion for a new trial was denied, and judgment entered for the plaintiff pursuant to the verdict. The defendant appeals from such judgment.

The cause was submitted for the appellant on the briefs of *Aldro Jenks*, and for the respondent on the brief of *J. P. Smelker*.

LYON, J. There is ample evidence to support the verdict and judgment, and they should not be disturbed unless material error intervened on the trial. The errors alleged for reversal will be stated and considered in their order.

1. The first error assigned is that the notice to the town of the injury, required by the statute, is insufficient. The

statute requires that such notice shall state the place where such damage occurred, describing generally the insufficiency or want of repair which occasioned it, and that satisfaction therefor is claimed of the town.    R. S. sec. 1339.    The notice served upon the town specified that the injury was sustained by the plaintiff "while passing over a bridge in said town, which is on the road from the village of Highland to Red Oak, and near to the southeast corner of the northeast quarter of section 30, town 7, range 1 east."    The notice further specified that the injury was occasioned by the "insufficiency and want of repair of said bridge, to wit, by a hole in said bridge; and that satisfaction for said injury is claimed of the said town of *Highland*."

We think the notice is a substantial compliance with the statute.    The principal criticism made upon it is that it describes the place of injury as a *bridge*, when the evidence showed it was a *culvert*.    We do not think this variance (if it is a variance) could mislead any one.    The culvert was located at the point designated in the notice, and we think the notice is sufficiently specific to enable the supervisors to find the place of injury without any serious difficulty.    We do not perceive how they could have been misled by the fact that there was a bridge on the same highway forty rods distant, which had no hole in it.    It must be held that the notice was sufficient.

2. In his charge to the jury the circuit judge said: "There is no question under the evidence that the horse fell by reason of his foot getting into one of these holes."    This is assigned as error, on the ground that it was a question for the jury as to what caused the horse to fall.    We think otherwise.    The testimony showed that there were two holes through the upper plank of the culvert,— one in the north wagon track, and the other near the south wagon track.    Each of these holes was sufficiently large to allow the foot of a horse to go through the plank, and the holes

were from five to fifteen or eighteen inches in depth. To our minds, the testimony is entirely conclusive that the court stated to the jury the correct reason why the horse fell. In fact, the testimony is all one way. Had the jury found specially that the fall of the horse resulted from any other cause, the testimony would not support the finding. The error is not well assigned.

3. An instruction was proposed on behalf of the town which the court refused to give, because sufficiently included in the general charge to the jury. It is as follows: "A traveler may presume that the highway over which he is passing is in a safe condition for public travel thereon. Yet he is bound to use his eyes to discover any defect that may exist in said highway; and if such traveler is injured because of a defect in such highway which he could have discovered and avoided by using ordinary care, he cannot recover in an action for such injury." On this subject the court charged the jury as follows: " He [the plaintiff] was bound to use ordinary care; that is, such care as the great mass of ordinarily prudent persons of his age would have exercised in riding along the highway under the like circumstances; more than this degree of care he was not bound to use. A traveler upon a highway is not bound to use the high degree of care that extremely cautious men use, who constantly fix their eyes upon the road ahead of them. Unless the traveler knows of a defect in the traveled track he has the right to presume that it is reasonably safe; and if the highway be along a level tract of country he has the right to ride or drive at a pace such as the mass of ordinarily prudent persons would adopt as a safe pace at the same place or under like circumstances. If a traveler knows of a defect in the highway over which he is traveling, he is bound to use the same care in traveling over it that ordinarily prudent men, having the like knowledge, would do in traveling upon it." We perceive no substantial differ-

ence between the instruction proposed and that given.  At any rate, we think the instruction given is a correct statement of the law upon that subject.

4. The court also refused to give the following instruction proposed on behalf of the town: "The jury in this case must not consider any testimony relative to the hole in the north traveled track passing over the culvert or bridge referred to in the testimony." The testimony tends to prove, probably does prove, that the horse stepped into the hole in the south track over the culvert.  But it does not necessarily follow therefrom that the testimony relative to the other hole in the culvert should not be considered.  No one can say that it had no influence in producing the injury. Its presence there may have caused the plaintiff's horse to cross the culvert in the south track.

The case seems to have been fairly tried, the rulings of the learned circuit judge upon the trial were unobjectionable, and the damages assessed are very moderate.  Such being the case, there is no valid reason for awarding a new trial.

*By the Court.*— The judgment of the circuit court is affirmed.