WEBER, Respondent, vs. THE TOWN OF GREENFIELD, Appellant.

*March 19 — April 25, 1889.*

*Highways: Injury from defect: Notice: Description of place.*

1. The notice of an injury from a defective highway, required by sec. 1339, R. S., should point as directly and plainly to the place of the injury as is reasonably practicable, having regard to its character and surroundings.

2. A notice stated that the place of an injury was at a point in the highway about where a certain section line crossed the road, and where the town authorities had, on the day of the accident, placed several loads of gravel which were left piled up in the center of the highway. The evidence showed that gravel had been placed along the highway at different places for about twenty rods each way from said section line, and that the injury in fact occurred about 394 feet from said line. *Held*, that the notice was insufficient.

APPEAL from the Superior Court of *Milwaukee* County.

Action to recover damages for injuries to the person of the plaintiff alleged to have been caused by a defective highway. The facts will sufficiently appear from the opinion. The accident occurred on the 20th of October, 1886. In a special verdict the jury found, among other things, that gravel had been placed upon the highway in June and in October, 1886; that it was put there about 290 feet east of the point where the section line crossed the road, and extended eastward about 104 feet; and that the plaintiff was injured about 394 feet east of said section line. Other findings of the special verdict are immaterial upon this appeal. A motion for a new trial was denied, and from a judgment in favor of the plaintiff the defendant appealed.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *J. G. Flanders*. They cited *Cronin v. Boston*, 135 Mass. 110; *Shallow*

*v. Salem*, 136 id. 136; *Donnelly v. Fall River*, 130 id. 115; *Shea v. Lowell*, 132 id. 187; *Butts v. Stowe*, 53 Vt. 600; *White v. Stowe*, 54 id. 510.

For the respondent there was a brief by *K. Shawvan*, attorney, and *R. N. Austin*, of counsel, and oral argument by *Mr. Austin*.

COLE, C. J.  On the motion for a nonsuit and in various ways on the trial the defendant town raised the question that the notice given as to the defect in the highway and the place where the injury occurred was insufficient and did not state the place as proven by the evidence on the part of the plaintiff.  It is undeniable that the notice stated a different place as the point where the injury occurred from the one proven.  The notice described the place and nature of the defect as being at a point in the highway at about where the section line between sections 17 and 18, in the town of Greenfield, crosses the Beloit road, and where, as the plaintiff was informed and believed, the town authorities had on the day of the accident been repairing the highway; that such authorities had on that day placed or caused to be placed thereon several wagon loads of gravel, which were not leveled but had been left piled up in the center of the highway, and that this pile of gravel at that point caused the injury complained of.  Now, the evidence conclusively establishes the fact that gravel had been placed along the highway at different places for fifteen or twenty rods west of the section line mentioned in the notice, and also at different places for nearly twenty rods east of that line.  As a matter of fact, it is conceded that the plaintiff was thrown from his wagon about 394 feet east of the point where the section line crosses the road, and the jury so found in the special verdict.

It is claimed on the part of the town that the notice was insufficient under the statute, and did not state or describe

with reasonable accuracy the place and cause of the accident, and for that reason there can be no recovery. This point we think is well taken and must prevail. The statute in effect provides that no action for damage sustained by the insufficiency of the highway shall be maintained against the town unless within ninety days after the happening of the event causing such damage notice in writing, signed by the party, his agent or attorney, shall be given a supervisor of the town against which damages are claimed; stating the place where such damage occurred and describing generally the insufficiency or want of repair which occasioned it. Sec. 1339, R. S. The giving of this notice is a precedent condition to the right to maintain the action, as this court has, in effect, decided in several cases. *Plum v. Fond du Lac*, 51 Wis. 393; *Benware v. Pine Valley*, 53 Wis. 527; *Wentworth v. Summit*, 60 Wis. 281. The object of requiring such notice to be given is that the town authorities may investigate and ascertain the facts, both as to the defect in the highway and of the injury occasioned thereby. *Plum v. Fond du Lac*, 51 Wis. 393. The notice in this case was misleading, for it not only wrongly described the place of the injury, but it was inaccurate in other particulars. It stated that the place was where the town authorities had on the 20th of October, 1886, been repairing the road, and had placed thereon several loads of gravel, leaving such gravel in piles in the center of the road. As we understand the evidence, the plaintiff was injured at the east end of the gravel piles. The gravel was deposited at that place in June previously, but we find no satisfactory testimony that gravel was deposited there in October, or that any work was done on the road at that point on the 20th of that month. There was work done or gravel was placed at this time at the west end of the graveling, at the foot of the hill, as the witnesses say. But this was a considerable distance west of the section line men-

tioned in the notice. It is said on the brief of defendant's counsel that the undisputed evidence shows that in the month of October, 1886, fresh gravel was placed upon the highway on a portion of the 104-feet strip east; also that some was deposited near the section line, and some west of the section line, fifteen or twenty rods. We do not find any satisfactory evidence that there was any fresh gravel placed in October where the plaintiff was injured, though the testimony is very confused and obscure upon that point. The fact may have been so; certainly the jury so, in effect, found. But surely the injury did not occur at the place where the notice locates it. The plaintiff testified on the trial that he was injured at the east end of the graveling, where the new track had been made, turning to the right around the gravel pile as one was traveling west. So the plaintiff knew very well the exact place where he was injured, and could have described it correctly in the notice. Under the circumstances, the identical place of the accident was material and important, for gravel had been deposited at intervals for forty or fifty rods along the highway. The evidence was conflicting as to whether the gravel, left as it was, rendered the highway dangerous and unsafe to persons driving with proper care over it. The authorities of the town should have had an opportunity to investigate the fact, and the notice should have called their attention to the place where the accident occurred.

It is insisted that the notice was as specific and certain as to the place of the injury as it was in *Teegarden v. Caledonia*, 50 Wis. 292; *Fopper v. Wheatland*, 59 Wis. 623; *Wall v. Highland*, 72 Wis. 435. In *Teegarden v. Caledonia* the place of the injury was described in the notice as the bridge on Duck creek, on the lake shore road, south of the point. That was certainly very definite, for there was a natural object which located the precise place of the accident. In *Fopper v. Wheatland* the notice stated the injury

was received while traveling on the highway in section 18 in the defendant town, and between the residences of Bean and Wilson, and on the road leading from De Soto to Diamond Mill; and that the insufficiency which caused the injury consists in the road at that point for a distance of a quarter of a mile each way being too narrow for teams to meet and pass, and no places being made in such space of one half mile where teams can pass. In *Wall v. Highland* the only criticism upon the notice was that it described the place of injury as a bridge, when the evidence showed it was a culvert. In all of these cases there would be no difficulty in the authorities finding the place of the injury from the description in the notice. But here, owing to the fact that loads of gravel had been deposited at so many places along the highway, the notice, inaccurate as it was as to the place of the injury, afforded no aid to the authorities to investigate and find out whether or not the highway was insufficient. The place where the damage occurred was not described with that certainty and accuracy which the statute requires. The notice should point as directly and plainly to the place of the injury as is reasonably practicable, having regard to its character and surroundings. This is the rule laid down in Vermont, and it is founded in good sense, and may easily be complied with. *White v. Stowe*, 54 Vt. 510. The notice here failed to meet this requirement, and did not state with sufficient certainty the place of the accident, so as to enable the town authorities to ascertain the condition of the highway at that point. The defendant's counsel cited a number of decisions in Massachusetts and Vermont, made under statutes similar to ours, where notices were held insufficient which described the place of injury with more certainty than the one in question. We do not comment upon these cases, as they are in accord with the views which we have expressed.

The court should have set aside the verdict, and have

Heddles vs. The Chicago & Northwestern R. Co.

granted a new trial, because of the defective notice of the place of the injury.

*By the Court.*— The judgment of the superior court is reversed, and a new trial ordered.