VAN LOAN, Appellant, vs. THE VILLAGE OF LAKE MILLS, Respondent.

*October 3 — October 23, 1894.*

*Injury from defective sidewalk: Notice to village.*

A notice that plaintiff was injured " while walking home on the sidewalk on Madison street, opposite the Moravian church, owing to a defective sidewalk," is not sufficient under sec. 1339, R. S., since it wholly fails to describe the alleged defect.

APPEAL from the Circuit Court for *Jefferson* County. The facts are stated in the opinion.

For the appellant there was a brief by *Bushnell, Rogers & Hall,* and oral argument by *F. W. Hall.* They cited *Plum v. Fond du Lac,* 51 Wis. 397; *Weber v. Greenfield,* 74 id. 238; *Fopper v. Wheatland,* 59 id. 629; *Spellman v. Chicopee,* 131 Mass. 443; Laws of 1893, ch. 85.

*W. H. Rogers,* for the respondent, cited *White v. Stowe,* 54 Vt. 510; *Noonan v. Lawrence,* 130 Mass. 161; *Madden v. Springfield,* 131 id. 441; *Larkin v. Boston,* 128 id. 521; *Butts v. Stowe,* 53 Vt. 600; *Cronin v. Boston,* 135 Mass. 110.

ORTON, C. J.    This is an action to recover damages for injury to the plaintiff, caused by the insufficiency and want of repair of a certain sidewalk in the defendant village. The statute (sec. 1339, R. S.) provides as follows: "No such action shall be maintained against any . . . village, unless within ninety days after the happening of the event causing such damage, notice in writing signed by the party, his agent or attorney, shall be given to . . . one of the trustees of the village . . . against which damages are claimed, stating *the place where* such damage occurred, and *describing generally the insufficiency or want of repair which* occasioned it," etc.    The notice offered in evidence to answer the requirements of this section was as follows:

"LAKE MILLS, July 8, 1891.

"*To the Village Board of the Village of Lake Mills, Jefferson County, State of Wisconsin:* Take notice, on the 16th day of May, 1891, at 6 o'clock P. M., while walking home on the sidewalk on Madison street, opposite the Moravian church, in company with Prof. Terry, owing to a defective sidewalk, which caused me to fall and strike on my right knee, and seriously injure it, so that I am unable to walk as yet without great lameness and pain, and have

been confined at home since the 16th day of May. Feeling that I am entitled to damages, the village can settle with me on easy terms, if disposed to do so. If the village board will pay me one thousand dollars damages, I will relinquish all claims against said village for damages, without further trouble.                     Minnie Van Loan."

The plaintiff not having offered any other notice required by said statute, the court granted a nonsuit of the case, on the ground of defective notice. The learned counsel of the appellant contends that this notice was substantially sufficient to maintain the action, and this is the only question in the case on this appeal.

This is a very plain statute, and easily followed. It will not do to say that a notice under this statute that does not state the place where the damage occurred and describe generally the insufficiency or want of repair which occasioned it, is sufficient. This would be a bold violation of the statute, or destroy the very purpose and object of it. " Owing to a defective sidewalk on Madison street, opposite the Moravian church," might possibly answer for " the place where the damage occurred," if the defect itself was described so that the place could be found from the defect. But there is no attempt to describe the defect. What was it? The question is not answered. This notice is a condition precedent to maintaining the suit, and it must have reasonable certainty to be of any use whatever. *Wall v. Highland,* 72 Wis. 435; *Weber v. Greenfield,* 74 Wis. 234. This notice is a blank, so far as any description of the defect is concerned; and that is the very thing the village authorities wished and had the right to be informed of, so that they might repair it. The learned counsel of the appellant cite no case of such a defective notice being sustained by the court, and I am quite sure no such case can be found. The case is too plain for argument. The circuit court committed no error in granting the nonsuit

for want of proof of a sufficient notice required by the statute.

*By the Court.*— The judgment of the circuit court is affirmed.