### Albert H. Lord *vs.* City of Saco.

### York.    Opinion February 19, 1895.

*Way. Defect. Notice. Action. R. S., c. 18, § 80.*

To maintain an action against a town for injuries to one's person or property caused by a defective highway, it is a statute requirement that the person sustaining such injury must give written notice within fourteen days thereafter to the municipal officers, setting forth his claim for damages, and specifying his injury and the nature and location of the defect which caused such injury. R. S., c. 18, § 80. *Held;* that a notice is defective which fails to sufficiently describe the defect, or the nature of the injury received, or does not state the amount of the plaintiff's claim.

On report.

This was an action on the case to recover for injuries to the plaintiff's horse, caused as alleged by a defective highway.

*B. F. Hamilton and B. F. Cleaves,* for plaintiff.

Claim for damages: *Sawyer* v. *Naples,* 66 Maine, 455. Nature of injuries: *Blackington* v. *Rockland,* 66 Maine, 233; *Goodwin* v. *Gardiner,* 84 Maine, 280. Location of defect: *Blackington* v. *Rockland, supra;* *Bradbury* v. *Benton,* 69 Maine, 194; *Hubbard v. Fayette,* 70 Maine, 121; *Chapman* v. *Nobleboro,* 76 Maine, 430; *Goodwin* v. *Gardiner, supra.* Nature of defect: *Holmes* v. *Paris,* 75 Maine, 559; *Buck* v. *Biddeford,* 82 Maine, 437.

*G. C. Yeaton and G. C. Emery,* for defendant.

Sitting: Peters, C. J., Walton, Emery, Haskell, White-house, Wiswell, JJ.

Walton, J. The question is whether the following notice is sufficient to answer the requirements of the Revised Statutes, chap. 18, § 80.

"To the Municipal officers and Inhabitants of the City of Saco in the County of York and State of Maine:

"You are hereby notified that on Saturday, January 18, 1893, an accident occurred on Main street in said Saco, by which a horse owned by Albert H. Lord of said Saco, was greatly injured

by reason of a defect in the planking between the tracks of the Boston and Maine Railroad on said Main street, for which said owner claims damages for the same. Henry I. Lord, attorney for claimant."

We think the foregoing notice is not sufficient. The statute cited requires that the " nature " of the defect should be described. The "nature and location of the defect which caused the injury," is the language of the statute. The language of the notice is "a defect in the planking between the tracks of the Boston and Maine Railroad on Main street." The notice fails to state the nature of the defect. For aught that appears, it may have been a displaced plank, or a rotten plank, or a broken plank ; or it may have been a hole in the planking or a projecting splinter or knot, or any other of the numerous defects that may exist in the plank crossing of a railroad.

Again, the statute cited requires, not only a specification of the nature and location of the defect which caused the injury, but it also requires a specification of the " nature of the injuries." Here again the notice is defective. It states that a horse owned by Albert H. Lord was greatly injured, but it fails utterly to state the nature of his injuries.

Again, the statute requires the sufferer to "set forth his claim for damages." We think this fairly implies that the amount of his claim should be stated. If it is small, the municipal officers may prefer to pay it rather than to have a contest. If it is extravagantly large they may want to investigate the facts bearing upon it at once, and before the lapse of time has rendered such an investigation practically impossible. We think the notice should contain a statement of the amount of damages claimed. We think the language of the statute fairly implies this.

The notice under consideration is defective in all these particulars : first, in not sufficiently describing the nature of the defect ; secondly, in not sufficiently describing the nature of the injuries to the horse ; and, thirdly, in not stating the amount of the plaintiff's claim.

*Plaintiff nonsuit.*