[No. 3413. Decided April 4, 1900.]

ELIZABETH MEARS, *Respondent,* v. CITY OF SPOKANE, *Appellant.*

MUNICIPAL CORPORATIONS—CLAIM FOR PERSONAL INJURIES—SUFFICIENCY OF NOTICE.

Under § 220 of the charter of the city of Spokane, which provides that all claims for damages for personal injuries, alleged to have been sustained by reason of the negligence of the city, must be presented to the city council within four months after any such injuries shall have been received, in writing, and such

writing must state the time and place at which such injuries were received, and also the cause, nature, and extent of the same; and the refusal or omission to present any such claim in the manner and within the time within this section required, shall be a bar to any suit or action against the city, a claim for injuries filed with the city council, which alleges that the "injuries were caused by defects and obstruction in the sidewalk of the said city,    *    *    causing her arm to be broken at the wrist and her head and back injured by the fall," does not sufficiently describe the cause of injury, since the charter requires the particular character of the defect to be pointed out.

SAME.

The fact that plaintiff's injury was caused by an accumulation of snow and ice upon a sidewalk, which nature had removed long prior to the time when plaintiff's claim was filed with the city council, would not excuse her failure to describe with particularity the cause of her injury; nor would the filing of her complaint against the city before the expiration of the time for the presentment of her claim excuse the omission to do what the charter prescribes as a prerequisite to the right of action.

Appeal from Superior Court, Spokane County.—Hon. WILLIAM E. RICHARDSON, Judge.   Reversed.

*A. G. Avery,* for appellant.

*Jones, Belt & Quinn,* for respondent:

The notices required by the statute are not to be construed with technical strictness, but enough should appear in them to show that they are intended as a basis of a claim against the city or town, and are given on behalf of the person who brings the suit.   *Higgins v. Inhabitants of North Andover,* 47 N. E. 85.

When plaintiff's claim was presented to the council and by it referred to the finance committee, it was the duty of said committee within a reasonable time to report the claim for payment or rejection, and, if they were unable to fully and completely investigate the claim, they should have notified the plaintiff before her time for filing a proper claim had expired, if they did not consider the claim filed

as sufficient; and their retaining it so long before suit was brought should be considered and taken to be a waiver of any supposed technical defects. *Griswold v. Ludington,* 74 N. W. 663.

The opinion of the court was delivered by

FULLERTON, J.—This is an action for personal injuries received from a fall on the sidewalk of the appellant city, caused, it is alleged, by the negligent act of the city in permitting snow and ice to accumulate and remain upon the walk.

The charter of the city of Spokane provides:

" Sec. 220.   Sub. I.   All claims for damages for personal injuries, or for injuries to property, alleged to have been sustained by the reason of the negligence of the city, or any officer, agent, servant or employee thereof, must be presented to the city council within four months after any of such injuries shall have been received, in writing, and such writing must state the time when and the place at which such injuries were received, and must also state the cause, nature and extent of the same, and the amount of damages sustained by reason thereof, and also the amount for which the claimant will settle the same, and must be verified by his, her or their affidavit, in proper form to be true; and the refusal or omission to present any such claim in the manner and within the time in this section required, shall be taken to be, and shall be, a waiver of any and all damage on account of said injuries, and shall be a bar to any suit or action against said city to recover the same or any part thereof.   .   .   ."

The claim of the respondent for the injuries in question, presented to the city council, is as follows:

" You are hereby notified that Mrs. Elizabeth Mears claims damages against the city of Spokane, aforesaid, for personal injuries received by her on the 16th day of December, A. D. 1898, which injuries were caused by defects and obstruction in the sidewalk of the said city between Post and Lincoln streets on the south side of Riverside

avenue, causing her arm to be broken at the wrist, and her head and back injured by the fall, and is unable at present to say whether they are permanent, and for said injuries claims damages in the sum of fifteen thousand ($15,000) dollars, and would be willing to compromise the same, without suit, for the sum of ten thousand ($10,000) dollars. Said injuries being caused by the carelessness and negligence of the said city and its officers."

It is contended that this notice does not comply with the provisions of the charter above cited, in that it does not state the place where the injury was received, or the cause of the injury. With regard to the latter objection the notice was clearly insufficient. To state that the injury was caused by a defect and obstruction in the sidewalk is but to state the general ground upon which a city in every case is liable for injuries sustained upon its streets, but it states no cause for the particular injury. The charter provision is intended to require notice to be given of the cause of the particular injury, and a notice that fails so to do cannot be made the basis of an action against the city for personal injuries. *Noonan v. Lawrence,* 130 Mass. 161; *Miles v. Lynn,* 130 Mass. 398; *Van Loan v. Village of Lake Mills,* 88 Wis. 430 (60 N. W. 710); *Lord v. Saco,* 87 Me. 231 (32 Atl. 887); *Johnson v. Troy,* 48 N. Y. Supp. 998.

The learned counsel for the respondent contend that, inasmuch as the injury to the respondent was caused by the negligent act of the city in permitting snow and ice to accumulate upon the sidewalk, no good purpose could have been subserved by stating the cause of the injury, as nature had removed the cause of the injury long prior to the time they were required to present, or in fact did present, the claim; and, further, that the complaint was filed prior to the time their right to present a claim had expired by the terms of the charter, which was in itself a

sufficient presentation of a claim to comply with the charter provisions. These contentions cannot prevail. If it be conceded that the city of Spokane has power to insert a provision of this kind into its charter,—a question not raised in the present action,—the presentation of a claim to the city council is made a prerequisite to the right to bring an action for personal injuries, and the courts are not at liberty to say that it may be disregarded, or that something else may be substituted for it. *Curry v. Buffalo,* 135 N. Y. 366 (32 N. E. 80); *Borst v. Town of Sharon,* 48 N. Y. Supp. 996; *Wall v. Town of Highland,* 72 Wis. 435 (39 N. W. 560); *Weber v. Town of Greenfield,* 74 Wis. 234 (42 N. W. 101).

The motion for non-suit should have been granted.

The judgment of the lower court is reversed, and the cause remanded, with instructions to dismiss the action.

GORDON, C. J., and DUNBAR and REAVIS, JJ., concur.