TATTAN *v.* CITY OF DETROIT.

MUNICIPAL CORPORATIONS — NEGLIGENT INJURIES — NOTICE OF CLAIM—SUFFICIENCY.

> While a charter provision requiring written notice of a claim for negligent injuries to be given to the city law department as a condition precedent to the maintenance of an action therefor, being in derogation of common right, should not be construed with unnecessary strictness against the injured person, a requirement that the notice specify the nature of the injury is not sufficiently complied with to support an action by a mere statement that the claim is for "personal injuries."

Error to Wayne; Donovan, J. Submitted October 22, 1901. Decided November 12, 1901.

Case by Catherine Tattan against the city of Detroit for personal injuries. From a judgment for defendant on verdict directed by the court, plaintiff brings error. Affirmed.

*Warner & Codd,* for appellant.

*P. J. M. Hally* ( *T. E. Tarsney,* of counsel ), for appellee.

MONTGOMERY, C. J. This is an action for personal injuries. The sole question presented in the case is whether the plaintiff served a notice upon the corporation counsel such as is required by the amendment to the charter of the city of Detroit, being section 46 of chapter 11 of the charter, as amended. This section reads as follows:

"No action shall be brought against said city, nor any of its boards, commissions, or officers, for any negligent injury, unless it be commenced within one year from the time when the injury was received, nor unless notice shall be given in writing, within three months from the time of

such injury, to the head of the law department, or to his chief assistant, of the time, place, and cause of such injury, and of the nature thereof. The provisions of this section shall not be a bar to a suit for any injury for which there is now a lawful cause of action, but for every such injury suit shall be commenced within six months from the time when this act shall take effect." Act No. 463, Local Acts 1895, § 2.

The injury to the plaintiff occurred on the 5th of July, 1897, and on the 17th of August, 1897, the following notice was served on the head of the law department:

"DETROIT, August 17, 1897.
"Hon. CHARLES FLOWERS,
          "Corporation Counsel,
                    "Detroit, Mich.
" *Sir:* You are hereby notified that on the 17th day of August, 1897, I filed a claim against the city of Detroit for the sum of five thousand dollars ($5,000), and petitioned the common council of the said city to pay me the said sum, as a just compensation for damages sustained by me by reason of personal injuries received on July 5, 1897, by my falling on a defective sidewalk in the said city. Said defective sidewalk was on July 5, 1897, situated on the south side of Cherry street, between Sixth and Seventh streets, and extending from Seventh street to the first alley east of Seventh street.
          "Yours, etc.,
                    "MRS. MICHAEL TATTAN,
                    "15 Johnson Street, Detroit, Mich."

There can be no doubt that this notice sufficiently described the time, place, and cause of the injury, but the learned circuit judge was of the opinion that the nature of the injury was not sufficiently specified. This statute is one in derogation of common right. It should not be construed with liberality against the right of an injured party to maintain an action against the city, but, on the other hand, should receive a reasonably strict construction. By other provisions of the charter it is incumbent upon an injured party to present his claim to the common council, and the case is then open to full investigation. This, as well as the notice to the head of the law department, must precede

the institution of suit.    As was said by the court in *Brown* v. *City of Owosso*, 126 Mich. 91 (85 N. W. 256):

"This notice is not a pleading, and the requirement should not receive so strict a construction as to make it difficult for the average citizen to draw a good notice, especially in view of the evident intention that a substantial statement should be sufficient, and the serious consequences of reliance upon a defective notice until after the expiration of the 60-day period."

See, also, *Wheeler* v. *City of Detroit*, 127 Mich. 329 (86 N. W. 822); *Wilton* v. *City of Flint*, 128 Mich. 156 (87 N. W. 86).

But, while the rule for construing this notice is thus liberal, we cannot ignore an express requirement of statute. The statute, in terms, requires that the nature of the injury shall be stated in this notice.    Beyond the fact that it is an injury to the person, rather than to property, there is no attempt in this notice to state the nature of the injury at all.    We are of the opinion that this is not a compliance with the statute.    The case of *Lord* v. *City of Saco*, 87 Me. 231 (32 Atl. 887), is directly in point upon this question.    See, also, *Brown* v. *Town of Southbury*, 53 Conn. 212 (1 Atl. 819).

The judgment will be affirmed.

The other Justices concurred.