DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON

[No. 9459. Department Two. June 27, 1911.]

MARY COLE, *Appellant*, v. THE CITY OF SEATTLE,
*Respondent*.[1]

MUNICIPAL CORPORATIONS—CLAIMS — PRESENTATION — REASONABLE REQUIREMENTS—FAILURE TO FILE—EXCUSES. It is a reasonable and valid requirement that claims against a city for personal injuries shall be in writing and verified and filed with the city clerk within thirty days; and the same is not excused or substantially complied with by a verbal notice to other officers, or by the statement of an officer that he would report the claim to the city council, or that a letter to a councilman was not answered or objected to.

SAME—EXCUSES FOR FAILURE TO FILE. An ordinance of a city requiring officers to investigate and report all claims or demands against the city that come to their knowledge does not excuse a claimant from filing a verified claim with the city clerk, after bringing it to the notice of an officer of the city.

SAME—WAIVER OF CLAIM. The requirement that a claim against a city must be presented to the city council before action brought cannot be waived by any officers of the city other than the city council.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 2, 1910, in favor of the defendant, upon sustaining a demurrer to the complaint, dismissing an action for personal injuries sustained by a pedestrian through a defective sidewalk. Affirmed.

*Philip Tindall*, for appellant.

*Scott Calhoun* and *James E. Bradford*, for respondent.

[1]Reported in 116 Pac. 257.

ELLIS, J.—The appellant brought this action to recover damages on account of personal injuries, claimed to have been received by stepping upon a defective plank in the sidewalk on one of the streets of Seattle. · The complaint was demurred to on account of its failure to allege the presenting to the city council, and the filing with the city clerk, of a claim for damages in form and manner as required by the city charter. The recitals of the complaint on this point are as follows:

"(7) That on the 27th day of September, 1909, said sidewalk was repaired at the place where said accident occurred by employees of the defendant under the supervision of one John A. McCarty, a foreman of streets and sidewalks in defendant's employ; that on the same day said McCarty called upon plaintiff and asked her whether or not she intended to prosecute a claim for damages against defendant, and plaintiff informed said McCarty that she would insist upon being paid reasonable compensation for the injuries received by her as above described. Plaintiff at said time asked said McCarty whom she should see with reference to obtaining a settlement from the city and McCarty thereupon informed plaintiff that he would at once report her case to the president of the city council; that he would advise a settlement of her case by the city as it would be advantageous to the city to settle it; he further stated to plaintiff that after he had reported the case it would go before the entire city council for action by that body.

"(8) That shortly after said conversation plaintiff's daughter-in-law telephoned to the Honorable Hiram C. Gill, who was at that time president of the council of the city of Seattle, and also to Honorable ———— Armstrong, the member of said council from the twelfth ward of the city of Seattle, in which ward the scene of said accident was located, and informed them of the circumstances connected with said accident.

"(9) That on the 29th day of September, 1909, plaintiff deposited in one of the United States mail boxes in Seattle, Washington, a letter with postage prepaid addressed to Mr. Hiram C. Gill, who at that time was the president of the city council of Seattle, Washington; that said letter was in words and figures as follows: 'Mr. Hiram C. Gill,

President of City Council, Seattle, Washington. Dear Sir: I want to inform you that I moved from Tacoma, Washington, 19th and D. street and moved to 1453 Market Street Ballard station, Seattle, Wash. where I now reside for the past two months on the morning of September 25, 1909, while in company with my son at ten o'clock A. M. on 15 Ave. between 52 and 53 sts. when suddenly the sidewalk gave way and I went down in an excavation dislocating my spine and left hip and breaking bones in my left foot which has caused me intense pain and suffering I am under the expense of a doctor who is about to bring me a trained nurse and for this suffering and expense I am compelled to bring a claim against the city of Seattle, Wash. for settlement If you will kindly call or send your adjustor we may be able to settle out of court and avoid litigation yours respectfully Mary Cole Address Mary Cole 1453 Market Street Ballard Station Seattle, Wash. P. S. Your foreman on streets and sidewalks called to see me yesterday who said he would report the case but I thought I would write. Mary Cole';

"That neither plaintiff nor any one on her behalf has received any reply to said letter or any objection to its form or contents or any request for further information concerning any of the matters referred to therein."

The complaint then alleges the filing, on July 1, 1910, over nine months after the accident, of a verified claim, to the form of which no objection is taken. The court sustained the demurrer, and the plaintiff refusing to plead further, judgment was entered in favor of the city, from which this appeal was taken.

Section 29 of article 4 of the city charter, revised edition 1908, is as follows:

"All claims for damages against the city must be presented to the city council and filed with the clerk within thirty days after the time when such claim for damages accrued, and no ordinance shall be passed allowing any such claim or any part thereof, or appropriating money or other property to pay or satisfy the same or any part thereof, until such claim has first been referred to the proper department, nor until such department has made its report to the city council thereon, pursuant to such reference. All such

claims for damages must accurately locate and describe the
defect that caused the injury, accurately describe the injury,
give the residence for one year last past of claimant, contain
the items of damages claimed, and be sworn to by the claim-
ant.    No action shall be maintained against the city for
any claim for damages until the same has been presented to
the city council and sixty days have elapsed after such pre-
sentation."

It is, of course, admitted that the verified notice of claim
required by the above charter provision was presented and
filed some months too late.   The appellant contends, however,
that the requirements of the charter were substantially com-
plied with by the verbal notice to the street foreman, the
telephone messages to the president of the council, and the
member of the council for the ward in which the accident
occurred, and by the letter to the president of the council.
It is argued with much force that the end which these re-
quirements were designed to subserve has been met by these
informal notices to the persons mentioned, and that the law
should receive a liberal construction in order to avoid the
hardship incident to a literal enforcement of its terms.    In
support of the contention that the notice in this case should
be held sufficient, counsel cites several cases in which claims
have been sustained in this court by a liberal construction of
the above charter provision or similar provisions.    It has
held that the provision requiring the claim to state the resi-
dence of the claimant "for one year last past" is not reason-
able, and that all that concerns the city is the present resi-
dence of the claimant (*Hase v. Seattle*, 51 Wash. 174, 98
Pac. 370, 20 L. R. A., N. S., 938) ; that a general descrip-
tion of the injury is a reasonable compliance with the charter
without particularizing as to all of its phases and conse-
quences (*Falldin v. Seattle*; 57 Wash. 307, 106 Pac. 914) ;
that any notice which describes the defect in the street with
reasonable certainty sufficient for identification will answer,
if not actually misleading (*Ellis v. Seattle*, 47 Wash. 578,
92 Pac. 431) ; that the failure to present and file the notice

of claim within the time fixed by the charter may be excused by showing a physical or mental incapacity during that period such as to render it impossible for the claimant to comply (*Born v. Spokane*, 27 Wash. 719, 68 Pac. 386).

It is urged that the facts alleged in this complaint present a case of apparent hardship upon the appellant if the above charter provision is enforced as valid; but neither a liberal construction nor considerations of hardships to be avoided are sufficient reasons for the abrogation by construction of a charter provision which has long been held by this court constitutional, reasonable and in furtherance of justice. *Scurry v. Seattle*, 8 Wash. 278, 36 Pac. 145; *Born v. Spokane, supra; Postel v. Seattle*, 41 Wash. 432, 83 Pac. 1025; *Mears v. Spokane*, 22 Wash. 323, 60 Pac. 1127; *Ehrhardt v. Seattle*, 40 Wash. 221, 82 Pac. 296. To hold that notice to other persons than the persons designated in the charter to receive such notice would be sufficient, or to hold that the notice need not be verified as required by the charter, or that it may, without sufficient excuse, be presented and filed long after the time required by the charter, would not be to construe the provision as a court, but to legislate for the city concerning a matter which is within its power to fix by its charter, and which it has so fixed. We must continue to hold, as we have heretofore held, that provisions of this character, so far as they are reasonable, are valid, and must be complied with before an action such as they contemplate can be maintained.

The first question then arising is, Are the provisions which the appellant failed to meet reasonable provisions? Is it reasonable to require such claims to be "presented to the city council and filed with the clerk?" The answer must be in the affirmative. The purpose of the provision is to insure notice to the city, within the time fixed, of the things required to be set out in the notice. A claim presented to the city council and filed with the clerk is reasonably calculated to insure such notice. It is also a reasonable thing to require

of the claimant because the council must pass upon the claim, and because the clerk is the custodian of the records and minutes of the proceedings of the council. The framers of the charter were justified in believing it better calculated to insure intelligent and prompt action by the city than notice to any one else. In view of the multitude of city officers and employees, and the endless details of the business of a large city, it is obviously reasonable to require service of claims of injury upon some certain officer or body. No other method would insure its reaching the proper channels for investigation. The decided weight of authority sustains us in holding that provisions of this character are reasonable, and that notice to some other person than the person or body designated in the law is not a sufficient compliance therewith. *City of Fort Worth v. Shero,* 16 Tex. Civ. App. 487, 41 S. W. 704; *Denver v. Saulcey,* 5 Colo. App. 420, 38 Pac. 1098; *Dorsey v. Racine,* 60 Wis. 292, 18 N. W. 928; *Whalen v. Bates,* 19 R. I. 274, 33 Atl. 224; *Curry v. Buffalo,* 135 N. Y. 366, 32 N. E. 80; *Seamons v. Fitts,* 21 R. I. 236, 42 Atl. 863; *Bancroft v. San Diego,* 120 Cal. 432, 52 Pac. 712; *Bausher v. St. Paul,* 72 Minn. 539, 75 N. W. 745; *Dalton v. Salem* (Mass.), 28 N. E. 576; *Harris v. Fond du Lac,* 104 Wis. 44, 80 N. W. 66; *McKenna v. Bates* (R. I.), 35 Atl. 580; *Doyle v. Duluth,* 74 Minn. 157, 76 N. W. 1029.

Again, is it reasonable to require that the claim be sworn to by the claimant? This also must be answered in the affirmative. One of the principle purposes of the provision is to prevent the allowance of fraudulent or exaggerated claims. If it is reasonable to require a written claim at all it cannot be said that it is any less reasonable to require the claimant to swear to it. The oath is at least an earnest of that good faith which the city has the right to demand. *Griswold v. Ludington,* 116 Mich. 401, 74 N. W. 663; *Borst v. Sharon,* 24 App. Div. 599, 48 N. Y. Supp. 996.

It is reasonable also to require that such verified notice be so presented and filed "within thirty days after the time

when such claim for damages accrued." This court has so held in *Born v. Spokane, Ehrhardt v. Seattle,* and *Postel v. Seattle, supra,* where the question of time was directly involved.

All these requirements are found in the above quoted charter provision. That provision reasonably construed is valid, and the complaint does not show that any of these things has been substantially complied with by the claimant. She presented no claim to the council within the thirty days. She neither filed nor presented nor served any sworn claim with, to, or upon, any one within the thirty days. While she does allege a conversation with a street foreman and councilman, and the presiding officer of the council, these, if notices at all, were verbal notices, and are not a compliance with the charter provision, substantial or otherwise. Little more can be claimed for her letter to the president of the council. If the city can reasonably require a sworn claim, then a letter unverified actually presented to the council and filed with the clerk would not avail in the absence of clear acts of waiver by the council. *Dalton v. Salem,* and *Borst v. Sharon, supra.*

As this court said in *Mears v. Spokane, supra,* at page 327:

"If it be conceded that the city of Spokane has power to insert a provision of this kind into its charter,—a question not raised in the present action,—the presentation of a claim to the city council is made a prerequisite to the right to bring an action for personal injuries, and the courts are not at liberty to say that it may be disregarded, or that something else may be substituted for it. *Curry v. Buffalo,* 135 N. Y. 366 (32 N. E. 80) ; *Borst v. Town of Sharon,* 48 N. Y. Supp. 996; *Wall v. Town of Highland,* 72 Wis. 435 (39 N. W. 560) ; *Weber v. Town of Greenfield,* 74 Wis. 234 (42 N. W. 101)."

The second question is, do the allegations of the complaint show a sufficient excuse for not complying with the above provisions? The only grounds of excuse alleged are, that the street foreman said he would report the matter to the council

and advise settlement, and that plaintiff's letter to the president of the council remained unanswered and unobjected to either as to form or contents. These things cannot be held to excuse a compliance with requirements so plain and easy of performance as those set out in the city charter, no matter how liberally those provisions are construed.

In aid of the contention that these conversations and this letter ought to be held a sufficient excuse for lack of the sworn notice, or as a waiver of other notice by the city, counsel for appellant cites Ordinance No. 4,187 of the city of Seattle, which reads as follows:

"Whenever any officer or employe of the city of Seattle shall be informed of any act, matter or event from or out of which any suit, claim or demand against said city may arise, it is, and shall be the duty of such officer or employe to forthwith fully investigate all the circumstances connected in any way with the happening of such act, matter or event, together with all of the witnesses thereto, and make a full report of the result of such investigation to the corporation counsel of said city."

This ordinance was manifestly intended as an added safeguard to the city against fraudulent claims. It was never intended to operate as a repeal, or substitute for, or modification of the charter provision. Compliance therewith by any officer or employee of the city was never intended to operate as a waiver of the charter requirements by the city. To so hold would give this ordinance an effect exactly the opposite of that which its terms plainly import. *Hoyle v. Putnam*, 46 Conn. 56.

The city council is the only authority which, under the organic law of the city, can take cognizance of such claims, and it necessarily follows that it is the only authority which can waive compliance with the charter. Logically, a waiver could only be predicated upon some act of the council treating the defective or belated notice as a valid claim. It would be illogical to hold that any other person or body could waive for, or create an estoppel against, the city except that body

which the law has designated to receive and act upon the claim. Any other construction would nullify the charter requirement. No act of the council was alleged in the complaint here in question as ground of waiver by, or as the basis of an estoppel against the city. The complaint does not allege that the claim, either verbal or written, ever reached the council within the thirty days, or that the council ever did any act which could be construed as a waiver after the filing of the sworn claim about nine months later. Neither of the persons to whom the informal notices were given was authorized to act for the council or for the city in that behalf. It would be a dangerous doctrine fraught with far reaching mischiefs to announce that any officer or employee of the city could bind the city or estop it of any right as to matters by its charter placed expressly within the cognizance of the city council only. If such a doctrine were adopted it would lead to endless confusion in the performance of contracts with the city, and in the administration of its many diverse business interests. We, therefore, hold that a compliance with the reasonable terms of the charter provision cannot be waived by statements or acts of any officer or employee of the city other than the city council, and that to establish a waiver by the council some affirmative cognizance of the claim, other than rejection by the council, must be pleaded and proved. In this we are in accord with the decided weight of authority. *Shea v. Lowell,* 132 Mass. 187; *Veazie v. Rockland,* 68 Me. 511; *Starling v. Bedford,* 94 Iowa 194, 62 N. W. 674; *Dalton v. Salem, supra; Kennedy v. Mayor etc.,* 18 Misc. 303, 41 N. Y. Supp. 1077.

The demurrer was properly sustained. The judgment is affirmed.

DUNBAR, C. J., CHADWICK, MORRIS, and CROW, JJ., concur.