# Order

Michigan Supreme Court
Lansing, Michigan

November 9, 2017

153936

JESSICA A. DILLON,
          Plaintiff-Appellee,

v

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,
          Defendant-Appellant.
_____/

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder,
Justices

SC: 153936
COA: 324902
Isabella CC: 2012-010464-NF

On October 11, 2017, the Court heard oral argument on the application for leave to appeal the May 3, 2016 judgment of the Court of Appeals. On order of the Court, the application for leave to appeal is again considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals judgment analyzing MCL 500.3145 and concluding that a claimant can satisfy the statute by merely providing notice of a physical injury.

When interpreting statutory language, we begin with the plain language of the statute. *Driver v Naini*, 490 Mich 239, 246-247 (2011). This is because courts must give effect to the Legislature's intent, and the best indicator of that intent is a statute's text. *Johnson v Pastoriza*, 491 Mich 417, 436 (2012). When construing the text, we " 'must give effect to every word, phrase, and clause in a statute and avoid an interpretation that renders nugatory or surplusage any part of a statute.' " *Jesperson v Auto Club Ins Ass'n*, 499 Mich 29, 34 (2016), quoting *Hannay v Dep't of Transp*, 497 Mich 45, 57 (2014). "When the language is clear and unambiguous, we will apply the statute as written and judicial construction is not permitted." *Driver*, 490 Mich at 247, citing *Danse Corp v Madison Hts*, 466 Mich 175, 182 (2002).

In pertinent part, MCL 500.3145(1) states that "[a]n action for recovery of personal protection insurance benefits . . . may not be commenced later than 1 year after the date of the accident causing the injury unless written notice of injury as provided herein has been given to the insurer within 1 year after the accident . . . ." The statute later provides the "herein," stating that "[t]he notice shall give the name and address of the claimant and indicate in ordinary language the name of the person injured and the time, place and nature of his injury."

When interpreting the statute, the Court of Appeals focused on the words "notice of injury." It reasoned that the decision to omit the definite article from this phrase demonstrated that the Legislature did not want to require notice of a specific injury. For that, the Legislature would have used the phrase "notice of the injury," and, therefore, the Court of Appeals concluded that notice of general physical injury would suffice. Then, observing that the statute also provided what the notice must include, the Court of

Appeals turned to the phrase "nature of his injury." Yet here, too, it saw a reference to something quite general. As a result, the Court of Appeals concluded that the phrase "nature of his injury" did not demand anything more specific from a claimant.

The Court of Appeals wrongly interpreted MCL 500.3145(1) by suggesting that a claimant can satisfy the statute by merely providing notice that she was *physically* injured. This holding ignores the requirement that the notice describe the "nature of [her] injury." Cf. *Tattan v Detroit*, 128 Mich 650, 650-652 (1901) (holding that a Detroit City Charter provision requiring written "notice . . . of such injury, and of the nature thereof," could not be satisfied by a notice simply stating that the plaintiff sustained "personal injuries" because "[b]eyond the fact that it is an injury to the person, . . . there is no attempt in this notice to state the nature of the injury at all"). If the Legislature had intended for notice of general physical injury to suffice, it would have stopped at "notice of injury." But the Legislature required "notice of injury as provided herein," and that "herein" includes, "in ordinary language," "the name of the person injured and the time, place and nature of his injury." The phrase "in ordinary language" indicates that the Legislature wanted claimants to be able to give notice of injury without recourse to specialist assistance, while the phrase "nature of his injury" refers to an injury's inherent characteristics. See *Corley v Detroit Bd of Ed*, 470 Mich 274, 279 (2004).

Taken together, MCL 500.3145(1) requires only the kind of notice that an ordinary layperson can provide. A description of symptoms that are traceable to a diagnosed injury is sufficient to constitute such notice. The statute does not require a claimant to provide a precise medical diagnosis, as this would not constitute "ordinary language." In the present case, after being involved in a motor vehicle accident, the claimant provided timely notice of injuries causing pain to her left shoulder and lower back. Years later, the claimant sought treatment for an injury to her left hip that, according to the jury, was caused by the same accident. Because, as the claimant's doctor pointed out, the hip injury could have created the lower back pain, her initial notice can be traced to the eventual injury and was sufficient for the purposes of MCL 500.3145(1).[1] For this

---

[1] Compare *Magness v Frankenmuth Mut Ins Co*, unpublished per curiam opinion of the Court of Appeals, issued January 19, 2010 (Docket No. 287369), amended February 5, 2010 (concluding that insufficient notice had been given when a claimant sought benefits related to a traumatic brain injury, but had only provided specific notice of a left shoulder bone bruise some time earlier).

reason, although we vacate the Court of Appeals analysis of MCL 500.3145, we AFFIRM the Court of Appeals judgment on other grounds and DENY leave to appeal in all other respects.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 9, 2017



Clerk

p1107