BORST v. TOWN OF SHARON.

(Supreme Court, Appellate Division, Third Department. January 12, 1898.)

1. ACTIONS AGAINST TOWNS—NOTICE OF CLAIM.

Under Laws 1890, c. 568, § 16, providing that no action shall be maintained against any town to recover damages in certain kinds of actions, unless a verified statement of the cause of action shall have been presented to the supervisor of the town within six months after the cause of action accrues, the filing of such statement is a condition precedent to the maintenance of the action, and the addressing of any communication to such supervisor other than that required by the statute will not be sufficient.

2. SAME.

The fact that in pursuance of such communication an investigation of the plaintiff's claim was had by the supervisor and other officers of the town prior to the commencement of the suit, does not obviate the necessity of complying with such statutory requirement.

3. SAME—WAIVER BY TOWN OFFICERS.

Town or municipal officers have no power to waive any of the requirements of a statute as to notice of claim enacted for the protection of the municipality of which they are officers.

Appeal from special term.

Action by Eva Borst against the town of Sharon for damages sustained by reason of defect in highway. Judgment for defendant. Plaintiff appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John S. Pindar (George M. Palmer, of counsel), for appellant.
Krum & Grant (Hobart Krum, of counsel), for respondent.

HERRICK, J. After providing that towns shall be liable for damages sustained by any defect in the highway caused by the negligence of commissioners of highways, the statute proceeds:

"No action shall be maintained against any town to recover such damages, unless a verified statement of the cause of action shall have been presented to the supervisor of the town within six months after the cause of action accrued. And no such action shall be commenced until fifteen days after the service of such statement." Laws 1890, c. 568, § 16.

The filing of statements of the kind in question has been held to be a condition precedent to the maintenance of an action. Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80. It has been held in a number of cases arising under similar statutes that the purpose and intent of such statutes was to give notice of the nature and character of the claims, and an opportunity to investigate them, and, if proper, adjust them without litigation, and thus save unnecessary costs and expense. Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Meyer v. Mayor, etc., 12 N. Y. St. Rep. 675. It is conceded in this case that no statement of the kind in question has been filed with the supervisor of defendant. It is strenuously argued, however, that, inasmuch as the purpose of the statute was to give to the town notice of the character of the claim, and opportunity to investigate it, and adjust it if proper, the spirit of the statute has been complied with in this case by the communication addressed to the supervisor of the defendant, and the investigation that has been had prior to the commencement of the action, pending the negotiations for a settlement; and that, the purpose and intent of the statute having thus been subserved, and its spirit complied with, a literal compliance with its terms should not be required. This contention cannot prevail. In Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80, speaking of the section of a statute similar in kind to this, and intended for the same purpose, the court said:

"The section is imperative. An action cannot be maintained unless notice of the intention to commence it, and of the time and place of the injury, shall have been filed with the counsel of the corporation, and failure to file the notice furnishes a defense to the action."

The statute is plain and clear; it needs no interpretation; and, the legislature having made its observance a prerequisite to the bringing of an action, the court is not at liberty to permit any substitute for it. We have no right to add anything to the statute, or to take anything from it; and to permit any departure from its plain terms is to introduce into it an element of uncertainty, and open the way for a complete breaking down and nullification of the statute, and, instead of having a plain, simple rule, applicable to all cases, there will be no settled rule, and we will be called upon to determine over and over again whether, upon the facts in each particular case, the statute has been substantially complied with, or its spirit and purpose subserved; thus leading to endless confusion. The requirements of the statute are simple, and easily complied with, and their strict enforcement will prevent ultimate confusion and uncertainty.

It is also contended that the necessity of filing with the supervisor the verified statement required by the statute has been waived, because the letter sent by the plaintiff's attorney to the supervisor of the town was not returned for not being a statement under the statute, and also for the reason that in pursuance thereof the supervisor

and other town officers entered upon an investigation of the claim of the plaintiff, and into negotiations for the settlement of the same. I am not aware of any rule that requires a party to assist a proposed adversary in perfecting legal papers necessary to conduct a prosecution against him, or to apprise such adversary what steps are necessary for him to take in order to fix his responsibility; and there is no greater duty in that respect resting upon a town or municipal corporation than there is upon a private person. Neither do I think that the supervisor had power to waive any of the requirements of the statute. Town or municipal officers have only such powers as are expressly conferred upon them, and such implied powers as are necessary to enable them to exercise those expressly conferred, or to discharge the duties expressly devolved upon them; and they have no power to waive any of the requirements of a statute enacted for the protection of the people of the town or municipality of which they are officers.

The judgment appealed from should therefore be affirmed, with costs. All concur; LANDON, J., in result.