RAUBER v. VILLAGE OF WELLSVILLE.

(Supreme Court, Appellate Division, Fourth Department.  May 5, 1903.)

1. MUNICIPAL CORPORATIONS—PERSONAL INJURIES—ACTIONS—CONDITIONS PRECEDENT—NOTICE—SUFFICIENCY OF NOTICE.

Village Law, § 322 (Laws 1897, p. 453, c. 414), provides that no action against a village for an injury resulting from a defective sidewalk, etc., shall be maintained unless "a written, verified statement of the nature of the claim, and of the time and place at which such injury is alleged to have been received," shall be filed, etc. A notice stated that on or about January 22, 1901, between 11 and 12 p. m., while plaintiff was passing along the walk on R. street, she "was tripped up and fell into a hole in said walk, and was thereby thrown down with great violence," etc. R. street was about a quarter of a mile long, having sidewalks on both sides of a part of it, and on other portions a sidewalk first on one side and then on the other. *Held*, that the notice was fatally defective in its indefinite statement of the place of the accident.

2. SAME—NONCOMPLIANCE WITH STATUTE—EFFECT WHERE DEFENDANT WAS NOT MISLED.

Where a statute made the filing of a notice pursuant to its provisions a condition precedent to the maintenance of an action against a village for personal injuries resulting from a defective sidewalk, and the notice served by plaintiff was fatally defective, the fact that defendant had not been misled by such notice did not relieve plaintiff from noncompliance with the statute, and from the insufficiency of the notice served thereunder.

Williams, J., dissenting.

Appeal from Trial Term, Allegany County.

Action by Mary Rauber against the village of Wellsville. From a judgment in favor of plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Frank B. Church, for appellant.

J. J. Spencer, for respondent.

HISCOCK, J. This action was brought by plaintiff to recover damages claimed to have been sustained by a fall upon a defective sidewalk in the village of Wellsville which was negligently permitted to exist by said defendant.

The only questions presented for our consideration upon this appeal relate to the sufficiency of the notice of claim served by respondent, and in regard to which the learned trial justice made rulings which in our opinion constitute such error as to call for reversal of the judgment appealed from.

Section 322 of the village law (Laws 1897, p. 453, c. 414) provides that no action for an injury such as is claimed here shall be maintained, unless, amongst other things, "a written, verified statement of the nature of the claim and of the time and place at which such injury is alleged to have been received shall have been filed with the village clerk within six months after the cause of action shall have accrued."

The notice served in this case stated, in substance, that on or about January 22, 1901, about the hour of between 11 and 12 p. m., while the plaintiff was passing along the walk on Rauber street, she "was tripped up and fell into a hole in said walk, and was thereby thrown down with great violence," etc. No more specific statement of the place where the alleged accident occurred is found. Rauber street, at the time of the accident, was upon the outskirts of the defendant village, and was about a quarter of a mile long. Upon part of it there were sidewalks upon both sides, and upon other portions of it a sidewalk first on one side and then upon the other. The exact total length of sidewalk does not appear, but may be assumed to have been of considerable distance.

The learned counsel for the appellant, at various times and in various ways during the trial of the action, duly raised the question of the insufficiency of this notice, in its failure to more specifically state the place of the accident. The trial justice gave him an opportunity to go to the jury upon the question "whether or not the defendant was misled by reason of this notice," and, when the counsel declined to have submitted to the jury such question, the court charged "as a matter of law that the notice was reasonably sufficient, that it was a reasonable compliance with the statute."

Upon the subject of the knowledge which the defendant, irrespective of the notice served, did have of the place where the accident happened, it appeared that one of the attorneys to whom the action was referred did at some time call upon an outside party, who purported to point out where the accident happened. It does not appear what actual or reliable knowledge such party had upon which her information was based. The statute referred to makes the filing of a notice pursuant to its provisions a condition precedent to the maintenance of the action. Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Borst v. Town of Sharon, 24 App. Div. 599, 48 N. Y. Supp. 996. Disregarding any extraneous evidence, and con-

sidering simply the notice filed in this case by and of itself, we have no hesitation in holding that it was fatally defective in its indefinite statement of the place of the accident. Paddock v. City of Syracuse, 61 Hun, 8, 15 N. Y. Supp. 387; Freligh v. Village of Saugerties, 70 Hun, 589, 24 N. Y. Supp. 182; Lee v. Village of Greenwich, 48 App. Div. 391, 394, 63 N. Y. Supp. 160.

We come, then, to a review of the rulings made by the trial judge, which in effect, as we understand them, lay down the proposition that a claimant may be relieved from noncompliance with this statute, and from the insufficiency of a notice served thereunder, provided it appears that a municipality has not been misled by such notice. Strictly construed, the language adopted gives relief in case of such a deficient notice, unless the city or village has been actually and affirmatively misled by its statements. We presume, however, that the language used was intended to cover a case where a defendant under a deficient notice had been left in ignorance of the details of the accident, as well as one where the statements have been misleading.

Before passing finally upon this doctrine, it may be well to estimate just what it means when applied in its full breadth to the statute under review in this case, or to similar ones applying to other classes of municipalities. If we are correct, as above stated, that the notice served, by and of itself, was fatally deficient in not stating with necessary exactness the place of the accident, and if the trial judge was correct, notwithstanding this, in holding that such notice was sufficient when the fact appeared by the finding of the jury or otherwise that the defendant had not been misled, such ruling cannot, of course, be limited to a failure to state the place of the accident. It would be permissible for a claimant in the same manner to escape the consequences of failure to comply with the provisions of the statute in not stating the time of his alleged accident or the nature of his claim, and in fact we see no reason why he might not invoke the same doctrine to relieve him when he had failed to verify his claim, or had given verbal instead of written notice thereof, or had filed his claim 11 instead of 6 months after the accident happened. In each of these cases, in place of compliance with the absolute statutory requirement, he might substitute evidence, no matter how loose and inaccurate, provided only a jury might be permitted to say therefrom that the municipality had somehow learned of the details of the accident, and therefore had not suffered any determinable injury from the omission, and plaintiff would no longer be subject to a determination by the court, as matter of law, whether he had fully and sufficiently complied with the statute in the form of his notice, as has been the rule in the past. Paddock v. City of Syracuse, 61 Hun, 8, 15 N. Y. Supp. 387; Werner v. City of Rochester, 77 Hun, 53, 28 N. Y. Supp. 226, affirmed 149 N. Y. 563, 44 N. E. 300; Freligh v. Village of Saugerties, 70 Hun, 589, 24 N. Y. Supp. 182; Lee v. Village of Greenwich, 48 App. Div. 390, 63 N. Y. Supp. 160; De Vore v. City of Auburn, 64 App. Div. 84, 71 N. Y. Supp. 747; Borst v. Town of Sharon, 24 App. Div. 599, 48 N. Y. Supp. 996. For all practical purposes in each case it would be left for the jury

to determine whether the notice, no matter how defective upon its face, should still be sufficient and effective because the defendant had not been injured by its defects. A municipality, whether large or small, would no longer be able to rely for protection upon the provisions of the statute, or to stand upon its rights under the notice served thereunder. It would be compelled at all times to meet the additional burdens of litigation imposed by deficient notices. Apparently, two alternatives would be open to it: Either it might maintain an organization sufficient to investigate the details of all accidents, and be prepared fully to litigate them irrespective of notices served; or else it might pursue such a policy of inaction as would make it impossible for a plaintiff ever to show that it knew as fully about an accident as if his notice had supplied all of the details of information required by the statute. In this latter way it might be able to oppose the claim of the plaintiff that it had full information and had not suffered from defects in the notice. We do not feel inclined to accept any such doctrine as this, or approve a theory which, in our opinion, would result in repealing and annulling that class of statutes to which the one under review belongs.

The extent and burden of this class of litigation upon municipalities and their taxpayers has long been a subject of consideration by the Legislature and the courts. It should be, and, so far as we are aware, has been, the aim of both to provide sufficient opportunity for the enforcement of just claims, and still to prevent imposition. Acting upon this line, the Legislature has seen fit to place in front of actions and claims of this kind certain restrictions and bars for the protection of the municipality, and amongst them none has been more important than the requirement for such prompt and detailed notice of claim as would permit a full and efficient investigation of its merits. Upon the other hand, it is the duty of the courts to give a fair and reasonable construction to such statutes. They should not, by a strained technical interpretation, build up immaterial and unsubstantial variances or omissions into inequitable and unjust defenses against meritorious claims. But, upon the contrary, they should not lightly and easily go to the other extreme of devising excuses for, and ways of escape from, failure to comply with reasonable and important provisions. We think we should be pursuing the latter course if we approved of the rulings made upon the trial of this case.

We very likely might be able to agree with the learned counsel for the respondent that the claim represented by him is a meritorious one, and that in this particular instance the defendant did have such knowledge and information about the accident that it has not been appreciably injured by the defect complained of in the notice served. But we must remember that no special rule can be laid down for this case. If the one contended for is adopted here, it will be applicable not only to all notices containing similar defects, but, by a process of enlargement such as we have indicated, will, in our opinion, cover such a variety of omissions and failures to comply with the statute as will amount to a virtual repeal of the latter. The question is not what will be the result of such a construction in this particular case, but what it would permit in other cases which might arise.

Barry v. Village of Port Jervis, 64 App. Div. 268, 291, 72 N. Y. Supp. 104, and cases cited.

The case of Cross v. City of Elmira, 86 Hun, 467, 33 N. Y. Supp. 947, and the decision of which seems to have been placed more or less upon that in Sullivan v. City of Syracuse, 77 Hun, 440, 29 N. Y. Supp. 105, is especially relied upon by the plaintiff. It unquestionably does present some features which are similar to those in this case. In fact, the trial justice below seems to have quite closely followed the course adopted upon the trial of the Cross Case in reference to the proposed submission to the jury of the question of injury to the defendant through lack of sufficient notice. We do not think, however, that the General Term, in affirming the judgment, adopted the view that a clear and substantial defect in a notice of claim might be remedied by a finding of a jury that the municipality had not been injured. The concluding expression of the learned justice who wrote the opinion at General Term upon this point is: "In view of all the circumstances disclosed by the evidence, we are of the opinion that the ruling of the trial judge to the effect that the notice was sufficient ought not to be disturbed." While the notice under review in the case cited was indefinite as to the exact point of accident, the surroundings necessarily limited the space within which the latter might happen to 150 feet, and we can understand how it might have been held that under such circumstances the notice was sufficiently definite. We should not regard such holding under such circumstances as an authority that the notice in this case was sufficiently definite, or that the indefiniteness might be cured in the way that has been suggested and discussed.

The case of Sheehy v. City of New York, 160 N. Y. 139, 54 N. E. 749, is also called to our attention, but does not seem to us to sustain plaintiff's position. In that case the statute required that a notice of intention to sue, stating the usual particulars, should be served upon the corporation counsel. The plaintiff served a notice satisfying the statute in all respects as to time, place, and extent of the injury, but failed to specifically state that it was intended to commence an action. Defendant urged that this was a fatal defect. The court reviewed the form of the notice in detail, and concluded that, while not specifically stating so, the notice still on its face fairly indicated the intention to sue, just as strongly as if it had been so stated. Evidence of the fact that the law officer of the defendant had treated it as a notice of intention to sue was not held competent for the purpose of relieving the claimant from complying with the statutory provisions, but for the purpose of showing that the notice had, when received, been interpreted in accordance with its fair intendment. The remarks made by the learned court in this case, and quoted upon the respondent's brief, must be read in the light of the facts appearing, and, when so construed, do not seem to be at variance with the conclusions reached by us in this case.

The case of Missano v. The Mayor, 160 N. Y. 123, 54 N. E. 744, also called to our attention, goes no further than to hold that if a person through mistake filed his notice of claim with the wrong official, who then gave it to the proper officer, it would be held a com-

pliance with the statute. Such a decision at once commends itself as fair and reasonable.

In opposition to the inference which respondent seeks to draw from the foregoing and other cases, reference may be made to some of the decisions which, not passing upon the specific point here involved, still do indicate the general principles which should govern this court and lead it to the conclusions adopted.

In De Vore v. City of Auburn, cited supra, it is said of a statute such as is here invoked by defendant:

"It is for the purpose of enabling the common council to know, not only what injuries have been received by reason of the defective condition of its streets or sidewalks, but also to know whether any or who of the injured parties intend to seek to enforce the liability existing against the city for such injuries by action. But it can hardly be useful to consider whether or not the requirements of the statute serve any good or useful purpose. The filing of such notice within the time specified is made a condition precedent to the right of recovery. Clearly the Legislature had the right to impose such a condition, and no reason is apparent why a forced or strained construction should be placed upon the language of the statute for the purpose of relieving a litigant from the necessity of complying with the plain terms thereof."

In Johnson v. City of Troy, 24 App. Div. 602, 48 N. Y. Supp. 998, it is stated, in reference to such a statute:

"That which the Legislature has declared, by statute, to be a prerequisite to the commencement of an action, the court cannot say is unimportant and may be disregarded. It has been repeatedly held that one of the purposes of statutes of this kind is to apprise the municipality at an early date of the existence of a claim, in order that it may have an opportunity to investigate it."

In Borst v. Town of Sharon, 24 App. Div. 599, 48 N. Y. Supp. 996, the court had before it the contention that one of the conditions of the statute—somewhat similar in its general character to the one here involved—had been waived, and the language used by the learned court in disposing of such contention seems to be applicable to this case. It said:

"The statute is plain and clear; it needs no interpretation; and, the Legislature having made its observance a prerequisite to the bringing of an action, the court is not at liberty to permit any substitute for it. We have no right to add anything to the statute or to take anything from it, and to permit any departure from its plain terms is to introduce into it an element of uncertainty, and to open the way for a complete breaking down and nullification of the statute; and instead of having a plain, simple rule applicable to all cases, there will be no settled rule, and we will be called upon to determine over and over again whether upon the facts in each particular case the statute has been substantially complied with, or its spirit and purpose subserved, thus leading to endless confusion. The requirements of the statute are simple and easily complied with, and their strict enforcement will prevent ultimate confusion and uncertainty."

In accordance with these views, we think that the judgment appealed from should be reversed, and a new trial granted.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event upon questions of law only, the facts having been examined and no error found therein.

ADAMS, P. J., and McLENNAN, J., concur. SPRING, J., concurs in result. WILLIAMS, J., dissents.