## COTRISS v. VILLAGE OF MEDINA.

(Supreme Court, Appellate Division, Fourth Department.   July 12, 1910.)

1. MUNICIPAL CORPORATIONS (§ 812*)—INJURIES FROM DEFECTIVE SIDEWALK—
   CLAIMS—NECESSITY FOR VERIFICATION.
      Under Medina Charter (Laws 1886, c. 293) § 30, requiring a verified
   statement of claim against a village for injury caused by the defective
   condition of a street or other public way to be presented before su-
   ing, verification is essential to a valid claim, though the village be not
   prejudiced by no verification.
      [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
   1703; Dec. Dig. § 812.*]

2. MUNICIPAL CORPORATIONS (§ 812*)—INJURIES—CLAIMS—PRESENTATION.
      Under Medina Charter (Laws 1886, c. 293), § 30, requiring a statement
   of claim against the village for injury caused by a defective street or
   other public way to be presented to the trustees within six months, and
   making failure to do so a bar to suit, the claim must be presented before
   a right of action accrues.
      [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §
   1696; Dec. Dig. § 812.*]

3. MUNICIPAL CORPORATIONS (§ 812*)—INJURIES—CLAIMS—PRESENTATION.
      A verified complaint with annexed statement of claim for injury pre-
   sented within six months after the accident is not a substantial compli-
   ance with such charter and laws.
      [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §'
   812.*]

4. MUNICIPAL CORPORATIONS (§. 812*)—CLAIMS—VERIFICATION NOT WAIVED.
      Under such charter and laws a retention by the trustees of an unveri-
   fied statement is no waiver of verification.
      [Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. §
   812.*]

   McLennan, P. J., and Kruse, J., dissenting.

Appeal from Trial Term, Orleans County.

Action by Catherine Cotriss against the Village of Medina. From a judgment for plaintiff and from an order refusing a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

B. E. Harcourt, for appellant.

George F. Thompson, for respondent.

SPRING, J.  The respondent has recovered a judgment for injuries sustained in falling upon a defective sidewalk on West Center street in the village of Medina. The negligence of the defendant and the plaintiff's conduct at the time of the accident were satisfactorily settled by the verdict of the jury, and, except for certain other questions in the record calling for consideration, no interference with the judgment would be necessary. Section 30 of the village charter makes actual notice of the defective street condition to certain officials named in the section an essential preliminary to any liability of the defendant for damages for injuries sustained in consequence of any

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

street or walk being out of repair.   The question of actual notice was submitted to the jury, and I think there was sufficient evidence authorizing this submission, and also to uphold the verdict.   Section 30 of the charter (Laws 1886, c. 293) also provides that:

"All claims against said village for damage or injury alleged to have arisen from the defective, unsafe, dangerous or obstructed condition of any street, highway, bridge, culvert, sidewalk or cross-walk of or in said village, or from negligence of the village authorities in reference to any such street, bridge, culvert, highway, sidewalk or crosswalk, shall within six months after the happening of such damage or injury, be presented to the board of trustees of said village by a writing signed by the claimant and properly verified by him, describing the time, place, cause and extent of the damage or injury, and the omission to present such claim as aforesaid within said time shall be a bar to any action or proceeding against said village.  No action for any such damage or injury shall be maintained unless commenced within two years from the happening of the same."

The plaintiff was injured on the 24th of July, 1908, and a written, but unverified, statement of her claim was presented to the board of trustees on the 6th of August following, and the action was commenced September 26th.  The statement was sufficiently explicit, and the only question is whether the lack of verification rendered it a nullity.

The Legislature, in prescribing the form of the writing to be presented to the board of trustees in order to advise that body of the time, place, and cause of the injuries asserted to be sustained by the claimant, has definitely required that it be "properly verified by him," and that requirement is accordingly one of the essential elements of the writing.   Patterson v. City of Brooklyn, 6 App. Div. 127, 40 N. Y. Supp. 581.   The verification of a notice of this kind is required in most of the charters of villages and cities, and is a wise precaution against the presentation of fictitious or exaggerated claims.   If the claimant verifies a claim which contains material false statements intentionally made they may be the foundation of an indictment for perjury.   If the statement is verified, the claimant will be inclined to be precise and accurate in setting forth the facts which, it is alleged, establish the liability of the municipality.

The language of this charter provision is explicit in its declaration that "the omission to present such claim as aforesaid within said time shall be a bar to any action  *  *  *  against the village."   It would seem plain that the service of the written notice properly verified by the claimant is a condition precedent to the bringing of the action.   The statute does not state in so many words that the writing must be delivered to the board prior to the commencement of the action, but as the omission to present is "a bar to any action or proceeding" the inference is irresistible that its presentation in substantially the form prescribed must be made before the cause of action matures.   Certainly a notice such as the statute prescribes presented after the complaint is served would be a useless formality.   The authorities, as I read them, pretty well agree that the service of the written statement, in form substantially complying with the charter regulation, is a necessary preliminary to the commencement of the action against the municipality.   Winter v. City of Niagara Falls, 190 N. Y. 198, 202, 82 N. E. 1101, 123 Am. St. Rep. 540, et seq.; Forsyth v. City of Oswego,

191 N. Y. 441, 84 N. E. 392, 123 Am. St. Rep. 605; Purdy v. City of New York, 193 N. Y. 521, 86 N. E. 560; MacMullen v. City of Middletown, 187 N. Y. 37, 40, 79 N. E. 863, 11 L. R. A. (N. S.) 391; Borst v. Town of Sharon, 24 App. Div. 599, 48 N. Y. Supp. 996; Thrall v. Cuba Village, 88 App. Div. 410, 84 N. Y. Supp. 661. A copy of an unverified notice or statement was attached to the summons and complaint as Exhibit A, and served with them. The complaint simply alleges the service of "a notice, a copy of which is hereto annexed, marked 'Exhibit A,'" and there is no allegation or proof of the service of any other written statement.

The respondent contends that, inasmuch as the complaint was verified with the statement annexed and presented within the six months prescribed, the charter provision has been substantially complied with. If the service of the written verified statement is a condition precedent to the commencement of the action, then the fact of such service must be accomplished before the summons or complaint is served at all, and must be alleged in the complaint. In Curry v. City of Buffalo, 135 N. Y. 366, 370, 32 N. E. 80, 81, in considering the filing of the notice of intention to commence an action and after holding that such filing was a condition precedent, it was said:

"The commencement of the action cannot be considered as a notice of intention to commence the action, because the notice must be filed before the commencement of the action and as a condition to the maintenance thereof."

The retention of the written statement by the board of trustees was not a waiver of the omission to verify it. Forsyth v. City of Oswego, 191 N. Y. 441, 84 N. E. 392, 123 Am. St. Rep. 605; Purdy v. City of New York, 193 N. Y. 521, 524, 86 N. E. 560, et seq. It may be that the omission to present the proper writing or statement to the board did not result in any damage to the defendant. That is not the test. The requirement is absolute, and the question of whether injury resulted from the failure to comply with the explicit mandate of the statute is not open to proof or inquiry. If so, these and similar provisions intended to safeguard municipalities against the imposition of unjust claims would be nullified. Rauber v. Village of Wellsville, 83 App. Div. 581, 584, 82 N. Y. Supp. 9; De Vore v. City of Auburn, 64 App. Div. 84, 71 N. Y. Supp. 747; Borst v. Town of Sharon, 24 App. Div. 599, 48 N. Y. Supp. 996.

The complaint, as already noted, contains no allegation of the presentation of the written statement in accordance with section 30 of the charter. At the opening of the trial the defendant's counsel moved to dismiss the complaint for this omission. Thereupon the counsel for the respondent asked for leave to amend the complaint by adding the statement that such notice was served upon the village clerk within the required time, and the motion was granted. No amended complaint is contained in the record. Assuming, however, that one was served with the averment asked for, it would not avail the plaintiff, for the proof showed without controversy that the only statement presented was the one already mentioned, which was unverified.

Nor do I think the contention of the counsel for the respondent that

the service of the complaint duly verified by the plaintiff, with a copy of the written statement attached, meets the provisions of the statute is well founded, inasmuch as the service of the written statement is a condition precedent to the bringing of the action. The pith of the statute is that the service of the statement must precede the bringing of the action, and this essential requirement is not met if a copy of the notice is, annexed to the complaint and served with it and comprises the only service made.

The plaintiff apparently has a meritorious claim on the merits. It is unfortunate for her that she may be defeated in the action by reason of the failure to present a statement, properly verified, to the trustees of the defendant. The provision quoted from section 30 of the charter of the defendant is similar to those contained in many village and city charters. It will not do to impair the intended purpose of this provision in order to enable the plaintiff to succeed in what may be a just claim. These provisions are salutary and readily to be comprehended. Their effect should not be weakened by decisions of the courts made in order to extenuate or help out claimants who have omitted to conform to requirements which are indispensable preliminaries to the maintenance of an action.

The judgment should be reversed.

Judgment and order reversed and new trial granted, with costs to appellant to abide event. All concur, except McLENNAN, P. J., and KRUSE, J., who dissent in a memorandum by KRUSE, J.

KRUSE, J. (dissenting). The charter requires the claim to be "by a writing signed by the claimant and properly verified by him, * * *" although the precise manner and form of the verification is not prescribed. I think the omission to verify the plaintiff's claim could be waived by the defendant. The defect was one of form rather than substance.

The notice was in exact conformity to the provisions of the defendant's charter, except that it was not verified. It stated with precision the time, place, cause, and extent of the plaintiff's injury, and was timely served upon the clerk of the village, as the charter prescribes. The board of trustees ordered the notice placed on file and referred it to a committee for investigation, of which the village attorney was a member.

The complaint embodied the same facts, and was verified and served with the summons, and no question was ever raised that the notice was not in proper form or that it had not been verified, until the trial of the action.