VINSON v. SEWER, WATER, AND STREET COMMISSION OF SARATOGA SPRINGS.

(Supreme Court, Appellate Division, Third Department. July 8, 1913.)

1. MUNICIPAL CORPORATIONS (§ 723½*)—ACTIONS—NOTICE OF INJURY—STATUTORY PROVISIONS.

Section 82 of the charter of Saratoga Springs, as added by Laws 1890, c. 289, permitting the presentation of claims for personal injuries or injuries to property within six months after the cause of action accrues, is not inconsistent with Laws 1902, c. 506, amending such charter, and providing for the appointment of sewer, water, and street commissioners, section 34 of which makes such commissioners a body corporate, and provides that all actions or proceedings on account of any act done or omitted by the commissioners shall be brought against them in their corporate name, that such claims may be compromised and paid by them, that any final judgment recovered thereon shall be satisfied out of their funds if sufficient funds are applicable thereto, that otherwise the amount

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

shall be included in the next tax budget, and that all judgments against the commission shall be a claim against the village, and that existing remedies for the enforcement thereof are not affected by that act, and was not repealed by section 44, providing that all acts and parts of acts inconsistent with the provisions of that act are thereby repealed, since the purpose of an amendatory act is to make the amended act conform to and express the present legislative intent, and the repealing clause does not operate to repeal parts of the special act in process of amendment, and as to which there is no expressed intention, and hence the presentation of claims against that village is governed by section 82, and not by Village Law (Consol. Laws 1909, c. 64) § 341, requiring their presentation within 60 days.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1696; Dec. Dig. § 723½.*]

2. STATUTES (§ 162*)—REPEAL OF SPECIAL BY GENERAL ACT.
   A special act relating wholly to a particular village is not repealed by a subsequent general act which is not clearly intended to work such a result.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. §§ 235–237; Dec. Dig. § 162.*]

3. STATUTES (§ 230*)—CONSTRUCTION—AMENDATORY AND AMENDED ACTS.
   A statute and its amendments are to be read as though they were all passed on the same day.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 311; Dec. Dig. § 230.*]

Appeal from Special Term, Saratoga County.

Action by Charles E. Vinson against the Sewer, Water, and Street Commission of Saratoga Springs, N. Y. From an interlocutory judgment sustaining a demurrer to a special defense, set up in defendant's answer, defendant appeals. Affirmed.

Argued May term, 1913, before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Frank Gick, of Saratoga Springs (Denis J. Harrington and John A. Slade, both of Saratoga Springs, of counsel), for appellant.

Edgar T. Brackett, of Schenectady (Luther A. Wait and F. Andrew Hall, both of Saratoga Springs, of counsel), for respondent.

WOODWARD, J. The complaint sets forth the facts necessary to the statement of a cause of action for damages for personal injuries, alleged to have been sustained by the plaintiff by reason of the negligence of the defendant in digging a trench in one of the streets of the village of Saratoga Springs and leaving it unguarded, so that the plaintiff fell into the same, sustaining more or less serious injuries. The complaint alleged that a written verified statement of the nature of the claim and the time and place at which the injuries were received before the commencement of the action was duly filed with the clerk of the sewer, water, and street commission of the village of Saratoga Springs on the 1st day of March, 1912, and with the clerk of said village on the 22d of March, 1912, and within six months after the cause of action accrued, and that more than 30 days have elapsed since the said claim was filed with the said the sewer,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

water, and street commission and the said village clerk. A copy of the notice is attached to the complaint, and no question is raised as to its form or substance, but the defendant pleads as a defense to the " 'seventh' count or paragraph of the plaintiff's amended complaint" that a "copy of said written verified statement, as set forth in the 'seventh' count or paragraph of the plaintiff's amended complaint, was not filed with the village clerk of the village of Saratoga Springs within sixty days after the alleged injuries were sustained, as required by section 322 of the village, * * * nor with the clerk of the sewer, water, and street commission within 60 days after the alleged injuries were sustained." Plaintiff demurred to this defense, and the learned court at special term has sustained the demurrer, the defendant appealing from the judgment. The contention of the defendant upon this appeal is that the plaintiff should have filed his claim with the village clerk within 60 days of the accident, as provided by section 341 of the Village Law (Consol. Laws 1909, c. 64), instead of filing it under the provisions of section 82 of the charter of the village of Saratoga Springs, and that is the only question to be disposed of upon this appeal.

[1] By chapter 289 of the Laws of 1890, the Legislature amended chapter 220 of the Laws of 1866, entitled "An act to amend the charter of the village of Saratoga Springs and the several acts amendatory thereof," and added thereto sections 79, 80, 81, and 82, and by the latter section it was provided that:

No "action shall be maintained against the village for damages for personal injuries or injuries to property alleged to have been sustained by reason of the negligence of the village or any officer, agent or employé thereof, unless the same shall be commenced within one year after the cause of action therefor shall have accrued, nor unless the claim shall have been presented to the board or [sic] trustees in writing, duly verified by the claimant, stating the time and place at which such injuries were received and the nature and extent of such injuries and the cause thereof, within six months after such cause of action shall have accrued, which notice in writing must be so presented at least thirty days before any action thereon can be maintained."

[2] This was a special act, relating wholly to the Village of Saratoga Springs, and would not, under well-understood rules, be repealed by any general act which was not clearly intended to work such a result. This regulation must be the controlling rule in reference to actions against the village of Saratoga Springs, or "of any officer, agent or employé thereof," unless it is clearly shown that the Legislature has intended to establish a different rule.

There is no doubt that the Village Law applies to Saratoga Springs in this respect if there is no provision in the special act governing the question, though it does not seem to be contended that the enactment of the Village Law, and its various amendments to section 341, had the effect of repealing the provisions of the charter of the village. The repeal is supposed to be found in chapter 506 of the Laws of 1902, entitled "An act to amend the charter of the village of Saratoga Springs and to provide for the appointment of sewer, water and street commissioners for said village and to prescribe their powers and duties." The purpose of an act to amend a particular act is to make

that act conform to and to express the present legislative intent, and the general repealing clause of section 44 of the act referred to, which provides that "all acts and parts of acts inconsistent with the provisions of this act, are hereby repealed," does not operate to repeal parts of the very act which is in process of amendment, and as to which there is no expressed intention. "I take it to be a settled rule of statutory construction," says O'Brien, J., in writing the opinion of the court in Lyon v. M. R. Co., 142 N. Y. 298, 303, 37 N. E. 113, 114 (25 L. R. A. 402), "that an original statute with all its amendments must be read together and viewed as one act passed at the same time. Goldman v. Kennedy, 49 Hun, 157 [1 N. Y. Supp. 599]. No part of the original or the amendment is to be held inoperative if they can all·be made to stand and work together.

[3] Presumptively the Legislature knew the contents of the special act which it was amending, and we are to read the original act and its amendments as though they were all passed upon the same day, and clearly a repealing provision could not relate to the provisions of the act which was being enacted.

Chapter 506 of the Laws of 1902, as we have already pointed out, expressly provided for the amendment of the charter of the village of Saratoga Springs, and the general scheme of this amendment is to place the streets, sewers and water supply in the control of a special commission, which commission is declared to be "a body corporate" and—

"all actions or proceedings authorized by this act shall be brought by the said commissioners and all actions or proceedings on account of any act done or omitted by the said commissioners shall be brought against the said commissioners in their name of the sewer, water and street commission of Saratoga Springs, New York. All claims on account of any act done or omitted by the said commissioners may be compromised and paid by them, and any final judgment recovered thereon shall·be satisfied by them out of their funds, if, at such time, there shall be in the judgment of the said commission sufficient funds of the said commission applicable thereto; otherwise the fact shall be certified by the said commission to the trustees of the said village who shall include the amount thereof in their next tax budget, to be levied and collected in the manner now provided by law for other taxes; all judgments against the said commission shall be a claim against the said village and existing remedies for the enforcement thereof are not affected by this act."   Section 34, c. 506, Laws of 1902.

Obviously the sewer, water, and street commission, while declared to be a body corporate, is a mere agency of the village of Saratoga Springs, and all "existing remedies," with the existing regulations of such remedies, are preserved in the act itself, and there is no inconsistency whatever in the provisions to be found in section 82 of chapter 289 of the Laws of 1890, amending the original act. The Legislature had a right to prescribe any conditions which it might deem wise as a condition precedent to the collection of a claim for damages for personal injuries (Scott v. Village of Saratoga Springs, 131 App. Div. 347, 349, 115 N. Y. Supp. 796, and authority there cited); and having prescribed the matters set forth in the section last above cited, and never having made any change in this respect, we are forced to conclude that the legislative intent is expressed in

the language of the statute, as amended, and that the defense pleaded is not good.

The interlocutory · judgment should be affirmed, with costs. All concur.