(159 App. Div, 471.)
### MURPHY v. VILLAGE OF FT. EDWARD.

(Supreme Court, Appellate Division, Third Department.  November 26, 1913.)

MUNICIPAL CORPORATIONS (§ 812*)—ACTIONS—CONDITIONS PRECEDENT.

> Notwithstanding Village Law (Consol. Laws 1909, c. 64) § 341, providing that no action shall be maintained against a village for damages for a personal injury, unless a written verified statement of the nature of the claim, and of the time and place at which the injury is alleged to have been received, shall be filed with the village clerk within 60 days after the cause of action shall have accrued, a child 5 years old is not precluded from bringing such an action because of its failure, and the failure of its father or mother, to file such notice.

> [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1696–1707;  Dec. Dig. § 812.*]

> Kellogg, J., dissenting.

On reargument.  Former decision overruled, judgment dismissing the complaint and order setting aside the verdict reversed, and verdict for plaintiff reinstated.

For former opinion, see 158 App. Div. 343, 143 N. Y. Supp. 378. See, also, 143 N. Y. Supp. 1132.

Argued before SMITH, P. J., and KELLOGG, LYON, HOW-ARD, and WOODWARD, JJ.

Rogers & Sawyer, of Hudson Falls (John E. Sawyer, of Hudson Falls, of counsel), for appellant.

Wyman S. Bascom, of Ft. Edward, for respondent.

PER CURIAM.  This case upon appeal was argued and decided, the report of which is contained in 158 App. Div. 343, 143 N. Y. Supp. 378.  Upon reargument, the majority of the court is of opinion that it should be held by this court that a child five years of age is not precluded from bringing an action against a village by failure to file, with-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

in the time prescribed by law, the notice specified in section 341 of the Village Law, and, further, that a child of that age should not be prejudiced by the failure of its father or mother to file the same.

With these views, it follows that the judgment dismissing the complaint, and also the order setting aside the verdict for the plaintiff, should be reversed, and the verdict for the plaintiff for $1,000 should be reinstated, and judgment directed thereupon.

JOHN M. KELLOGG, J. (dissenting). The right to maintain an action against a municipal corporation for negligence may be given by the Legislature upon such terms as to it seems best. Scott v. Village of Saratoga Springs, 199 N. Y. 178, 92 N. E. 393. The filing of the notice is a condition precedent to the right of maintaining an action. Winter v. City of Niagara Falls, 190 N. Y. 198, 82 N. E. 1101, 123 Am. St. Rep. 540, 13 Ann. Cas. 486; Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Carson v. Village of Dresden, 202 N. Y. 414, 418, 95 N. E. 803. Infancy is no excuse for failure to file the notice, unless the infant is helpless and has no one to protect her interests. Winter v. City of Niagara Falls, supra. At the time of the accident there was grave doubt whether the liability for the defect in the bridge rested upon the railroad company or the municipal authorities. The mother of the infant was active in her behalf and employed able counsel to assist her. About eight months after the accident the trial court decided that the railroad company was not liable to the plaintiff, and in May, 1912, we affirmed that decision. Murphy v. D. & H. Co., 151 App. Div. 351, 135 N. Y. Supp. 509. On August 5, 1912, the mother filed a notice of the injury. This was about two years after the accident, about a year after the decision of the trial court that the railroad company was not liable, and about 65 days after the decision of this court affirming that decision. The infant's interests were in competent hands, and apparently had every attention that they would have received if she had been of more mature years.

Under the circumstances, the notice was not filed as required by law.