### HANER v. VILLAGE OF OWEGO.

(Supreme Court, Trial Term, Tioga County. March 18, 1914.)

1. NEW TRIAL (§ 66*)—FINDINGS OF JURY.

Where notice of injury on a sidewalk was not served on the municipality within the time required by its charter, but plaintiff on the trial gave evidence of mental and physical condition to relieve her of the default, the jury's finding in her favor will not be disturbed on motion for new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 132–134; Dec. Dig. § 66.*]

2. MUNICIPAL CORPORATIONS (§ 812*)—NOTICE OF INJURY—VERIFICATION.

The Owego Village Charter, § 52, provides that the village shall not be liable for injuries on sidewalks, unless written notice of the injury is given the board of trustees. The Village Law (Consol. Laws, c. 64) § 341, requires a written verified statement of the nature of the claim, and section 380 provides that a village incorporated under a special law shall be subject to the provisions of the general village law, which are not inconsistent with such special law. Held that, the general village law not being inconsistent with the Owego village charter as to the verification of the notice of injuries, a verified notice of injury was not required to be given to the village trustees.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1696–1707; Dec. Dig. § 812.*]

Action by Hattie M. Haner against the Village of Owego. Judgment for plaintiff, and a motion for new trial by defendant denied.

Wallis & Clifford, of Owego, for plaintiff.

B. W. Loring, of Owego, for defendant.

KILEY, J. In this action the plaintiff charged the defendant with negligence in not properly caring for and maintaining its sidewalks,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and that by reason thereof she fell upon the sidewalk of defendant and received the injuries, for which she recovered a judgment of $1,000 in said action. Trial of the issues was had at an adjourned term of the court commencing December 9, 1913. The defendant, on the trial, interposed an objection to the sufficiency of the notice of injury, urging particularly two grounds, viz.: That the notice was not served within the time prescribed by the charter of the defendant, and that said notice was not verified.

[1] The plaintiff did not serve her notice within time limited by defendant's charter, but upon the trial gave evidence of mental and physical condition, which she claimed relieved her of such default, and which evidence was submitted to the jury, and the question resolved in her favor. I see no reason why the ruling at the time of the trial should be disturbed. The verdict found by the jury was in all respects a proper one and must stand so far as this motion for a new trial is concerned, unless the second objection above referred to prevails. The charter of the defendant, so far as applicable to this inquiry, reads as follows:

## Village Charter.

Section 52:

"The trustees shall have the power to cause to be immediately repaired or rebuilt any sidewalk, in front of or adjoining any premises in said village, or to cause new walks to be built, and to determine and prescribe the manner of doing the same, and the materials to be used therein, and the quality or kind of such materials; and the provisions of section 161 and 168 of the Village Law not inconsistent with the provisions of this act, shall be and they are hereby made applicable to the construction and repair of crosswalks and sidewalks and keeping the sidewalks and streets cleaned of weeds, ice, snow and other accumulations thereon and the assessment and collection of the expenses thereof. Such village shall not be liable in damages to any person on account of injuries received, by reason, or on account of, any defective condition of any sidewalk in said village unless written notice of such injury shall be given to the said board of trustees within ten days after such injury shall have been caused."

The provisions of the General Village Law, which are urged by the defendant as governing the construction of the above section of its charter, read as follows:

## Village Law.

Section 341:

"No action shall be maintained against the village for damages for a personal injury or an injury to property alleged to have been sustained by reason of the negligence of the village or of any officer, agent or employé thereof, unless the same shall be commenced within one year after the cause of action therefor shall have accrued nor unless a written verified statement of the nature of the claim and of the time and place at which such injury is alleged to have been received shall have been filed with the village clerk within sixty days after the cause of action shall have accrued. An action on such a claim shall not be commenced until the expiration of thirty days after it is presented."

Section 380:

"A village incorporated under and subject to a special law, and each officer thereof, possesses all the powers and is subject to all the liabilities and

responsibilities conferred or imposed upon a village incorporated under this chapter, or upon an officer thereof, not inconsistent with such special law."

[2] The defendant is operating under a special charter. As heretofore intimated, the only question not definitely passed upon during the trial was the one of failure to verify the notice served upon defendant by plaintiff. It was not verified. Defendant's counsel has called my attention to many cases where a similar question has been considered, and urges that they are controlling here. The defendant in the case of Freligh v. Village of Saugerties, 70 Hun, 589, 24 N. Y. Supp. 182, did not provide for any notice under its charter. It was there held, and I think properly so, that the service of notice was governed by the general law. The general law was not inconsistent with the special law. The charter of the defendant in this action provides, "Unless *written notice* of such injury be given." In Cotriss v. Village of Medina, 139 App. Div. 872, 124 N. Y. Supp. 507, Eggleston v. Town of Chautauqua, 90 App. Div. 314, 86 N. Y. Supp. 279, Lee v. Village of Greenwich, 48 App. Div. 391, 63 N. Y. Supp. 160, Rauber v. Village of Wellsville, 83 App. Div. 581, 82 N. Y. Supp. 9, and Johnson v. Troy, 24 App. Div. 602, 48 N. Y. Supp. 998, the charters of the defendant municipality require "written *verified* notice." Section 341 of the General Village Law requires a "written *verified* statement." The defendant contends that there should be read into section 52 of its charter the word "verified" either before or after the word "written" in that section, and in connection with the word "notice." The word "verified" is not a participle nor a preposition; it is a word of force, of utmost significance; and whenever and wherever it appears it carries with it a different meaning than prevails when it is absent. While it is in common use in the connection contended for here, it is not universal. It is not found, in this connection, in some charters of municipalities. The words "written notice," as used here, do not necessarily draw with them the word "verified." When it is understood that section 52 of defendant's charter was amended for the benefit of defendant, cutting down the time in which to serve a notice of claim, one is led to inquire: Why was not the word "verified" used in the amendment thus added? Two answers to that inquiry present themselves: Either the defendant, through its representatives, did not want that word in the amendment as contended for here, or it was omitted by mistake. If the former, should the defendant be given now what it did not want at the time of the passage of the amendment? If the latter, is it the province of the court to assume legislative functions? Is it not the province of the Legislature rather than that of the court to insert this word "verified" into the charter of the defendant? Should the liberal construction contended for here be invoked in favor of this defendant?

In Barry v. Village of Port Jervis, 64 App. Div. 268, 72 N. Y. Supp. 104, Mr. Justice Woodward says:

"For no principle of the jurisprudence of this state is better established than that the municipalities of the grade of villages and cities are answerable for negligence at common law, and that this right of action cannot be taken away without an entire revolution in our system of laws."

Such being the law, it is in derogation of the common-law right of this plaintiff and should be strictly construed, and not in favor of the defendant against the plaintiff.

In Murphy v. Village of Ft. Edward, 159 App. Div. 471, 144 N. Y. Supp. 451, it was held that a child of five years could maintain an action founded upon negligence of the defendant, although no notice of any kind was served by such infant, nor in its behalf.

In Vinson v. Sewer, Water, and Street Commission of Saratoga Springs, 158 App. Div. 132, 142 N. Y. Supp. 598, it was held that the provisions, as to time of serving notice, provided for in defendant's charter, should be followed instead of the different time provided for in the General Village Law. I am of the opinion that the same rule prevails in this case.

Motion for new trial denied, with costs.