FRED R. BUTTERFIELD, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Third Department, May 2, 1917.

Court of Claims — Code of Civil Procedure, section 264, construed — "notice of intention to file claim."

Where a claim is filed with the Court of Claims and with the Attorney-General within six months after it accrues, it is equivalent to a "notice of intention to file," and is a substantial compliance with section 264 of the Code of Civil Procedure.

The object of said requirement of the Code is to enable the State to prepare to meet the claim, and if the claim is filed in both offices within the six months, it must be equivalent, for all practical purposes, to giving notice that the claim will be filed.

APPEAL by the plaintiff, Fred R. Butterfield, from a decision and judgment of the Court of Claims, entered in the office of the clerk of said court on the 8th day of June, 1916, dismissing his claim.

*W. E. Young* [*W. Chase Young* of counsel], for the appellant.

*Egburt E. Woodbury, Attorney-General* [*Edmund H. Lewis, Deputy Attorney-General,* of counsel], for the respondent.

KELLOGG, P. J.:

A single question is presented on this appeal—whether the filing of a claim with the Court of Claims and with the Attorney-General, within six months after it accrues, is a substantial compliance with section 264 of the Code of Civil Procedure, from which we quote: "No claim * * * shall

be maintained against the State unless the claimant shall within six months after such claim shall have accrued, file in the office of the clerk of the Court of Claims and with the Attorney-General a written notice of intention to file a claim against the State, stating the time when, and the place where such claim arose and in detail the nature of the same, which notice shall be signed and verified by the claimant before an officer authorized to administer oaths."

The Court of Claims (10 State Dept. Rep. 38, 42) felt constrained by *Cotriss* v. *Village of Medina* (139 App. Div. 872) to dismiss the claim on the ground that such notice had not been filed. In that case the cause of action arose July 24, 1908. The charter of the village of Medina * required that all claims for damage " shall within six months after the happening of such damage or injury, be presented to the board of trustees of said village, by a writing signed by the claimant and properly verified by him, describing the time, place, cause and extent of the damage or injury, and the omission to present such claim as aforesaid within said time shall be a bar to any action or proceeding against said village. No action for any such damage or injury shall be maintained unless commenced within two years from the happening of the same." The action was brought within two months after the injury, but it was held that the plaintiff could not recover as no verified claim was presented as required by statute. The decision was right, and was within the true spirit of section 322 of the Village Law then in force (Laws of 1908, chap. 300, now Village Law, sec. 341 in the Consolidated Laws).† Those statutes providing that the action shall not be brought within thirty days after the claim is so presented, make it clear that the notice is required not only to enable the village to prepare its defense and ascertain the facts, but also to adjust and settle the claim before suit and thus save the expense of litigation.

The Code provision we have been considering was not intended to protect the State from costs, as the Court of

---

* See Laws of 1874, chap. 39, tit. 10, § 30, as added by Laws of 1886, chap. 293. Now Laws of 1909, chap. 545, § 270.— [REP.

† See Village Law (Gen. Laws, chap. 21; Laws of 1897, chap. 414), § 322, as amd. by Laws of 1908, chap. 300; now Village Law (Consol. Laws, chap. 64; Laws of 1909, chap. 64), § 341.— [REP,

Claims does not impose costs. (See Code Civ. Proc. § 274.) The object of the requirement is to enable the State to prepare to meet the claim, and if the claim is filed in both offices within the six months, it must be equivalent for all practical purposes to giving notice that the claim will be filed. The statute does not say that a claim shall not be filed unless the notice is given, or that the claim does not accrue, but recognizes the fact that the claim has accrued, that it may be filed; but says that it shall not be maintained unless such notice is filed.

If we disregard the spirit and follow the strict letter of the statute, and the claim is filed within the six months and then the claimant thinks it necessary to file the notice, he may do so within the six months and the statute is complied with. In such a case the notice is a mere idle form; the statute should be interpreted to give it a reasonable and practical meaning. No suggestion can be made of any possible injury or detriment to the State, if within the time, instead of receiving a notice that the claim will be filed, it is actually filed. The claim as filed would necessarily contain more information than the notice that the claim will be filed. The giving of the notice of intention is in no sense declared to be a condition precedent to filing the claim, and if the claim is actually filed within the time required for the notice, the notice would be a mere unmeaning formality. The statute from its language and from its spirit, in village cases, makes the filing of the claim a condition precedent to a right of action.

We conclude, therefore, that the claim itself having been filed with the Attorney-General and the Court of Claims within the six months, it was unnecessary to file a notice within that time of an intention to file it. The filing of the claim is the result of an intent to file it, and may be said to be a notice of an intention to file it, as the intent to file necessarily accompanies the filing. The officers receiving the claim have not only a notice of the intent to file it, but notice that the claim is actually filed, and have all the notice the law contemplates. If the notice of an intention to file the claim and the claim itself are filed at the same time, no criticism could be made, except that the filing of the intention is

unnecessary because it is necessarily merged in the claim itself when filed. The claimant has not only declared that he intends to do something, but has actually done it. The notice of the intention and the filing of the claim consist of one act in this case, and they have the same effect as if they were two separate acts.

Undoubtedly the service of a notice of an intent to file a claim within the time provided by the statute is a condition precedent which must be performed before a recovery can be had. We simply hold that if the claim is filed in both offices within the six months, it is equivalent to a notice of an intention to file it, and that the claim in such case is properly before the court.

The Court of Claims dismissed the claim upon the ground that a notice of an intention to file was not given. It did not pass upon the merits nor determine just when the claim accrued. We are not passing upon that question, as it should be determined by the Court of Claims, together with the other facts in the case.

The judgment is, therefore, reversed and the matter remitted to the Court of Claims for its further consideration, with the right to take such other evidence as in its judgment may be proper.

All concurred.

Judgment reversed and matter remitted to the Court of Claims for further consideration with the right to take such other evidence as in its judgment may be proper.