[No. 16451. Department One. October 6, 1921.]

KATIE HANAN *et al., Respondents,* v. THE CITY OF WENATCHEE, *Appellant.*[1]

MUNICIPAL CORPORATIONS (566)—CLAIMS—DESCRIPTION OF DEFECT —SUFFICIENCY. A claim against a municipality for personal injuries describing the place and cause of injury as a "defective sidewalk located on the northerly side of Yakima street about 80 feet westerly of the intersection of Yakima street with Oregon street" is insufficient, in view of Rem. Code, § 7998, requiring that such claim "must accurately locate and describe the defect that caused the injury."

Appeal from a judgment of the superior court for Chelan county, Grimshaw, J., entered October 8, 1920, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained through a defective sidewalk. Reversed.

*D. A. Shiner,* for appellant.

*Barrows & Hanna,* for respondents.

FULLERTON, J.—On July 19, 1919, the respondent Katie Hanan, while walking upon a sidewalk in the city of Wenatchee, fell thereon and was injured. Conceiving that the city was liable for her injury, she presented to the city, on August 14, 1919, a claim for damages in the following form:

"Katie Hanan, claimant, hereby presents and files her claim for damages against the city of Wenatchee for personal injuries caused by defective sidewalk located on the northerly side of Yakima street about

[1]Reported in 201 Pac. 5.

80 feet westerly of the intersection of Yakima street with Oregon street, which injury consisting of wounding, straining, bruising and injuring claimant's right leg, and other bodily injuries, which injury occurred on the 19th day of July, 1919. Claimant's residence for six months last past has been No. 522 Yakima street, Wenatchee, Chelan county, Washington; for which personal injuries aforesaid claimant claims damages for the sum of.....................$5,000.00
and expense of medical attention, physician's services, and nursing heretofore incurred and prospective.......................... 500.00

"Total..........................$5,500.00"

The city in due time rejected the claim, and later the respondent began the present action to recover for the damages suffered. At the trial, judgment went for the respondent, and the city appeals. At appropriate times during the course of the trial, both before and after the return of the verdict, the appellant questioned the sufficiency of the evidence to sustain a recovery. The objections were directed particularly to the sufficiency of the notice of claim presented to the city. It is objected that it does not accurately locate and describe the defect that caused the injury; in fact, does not describe the defect at all. This is the principal question presented on the appeal, and is the only question we have found it necessary to notice.

The requirement that a claim for damages against a city must be presented to the city council of the city for rejection or allowance, as a condition precedent to the maintenance of an action against a city, is statutory. The legislature has seen fit to prescribe, Rem. Code, § 7998 (P. C. § 665), that:

"All claims for damages against any city or town of the second, third or fourth class must be presented to the city or town council and filed with the city or town clerk within thirty days after the time when such

claim for damages accrued; . . . No ordinance or resolution shall be passed allowing such claim or any part thereof, or appropriating any money or other property to pay or satisfy the same or any part thereof, until such claim has first been referred to the proper department or committee, nor until such department or committee has made its report to the council thereon pursuant to such reference. All such claims for damages must accurately locate and describe the defect that caused the injury, reasonably describe the injury and state the time when the same occurred, give the residence for six months last past of claimant, contain the items of damages claimed and be sworn to by the claimant or a relative, attorney or agent of the claimant. No action shall be maintained against any such city or town for any claim for damages until the same has been presented to the council and sixty days have elapsed after such presentation.''

Requirements of this sort in statutes and ordinances are constitutional, reasonable, and in the furtherance of justice. *Cole v. Seattle,* 64 Wash. 1, 116 Pac. 257, Ann. Cas. 1913A 344, 34 L. R. A. (N. S.) 1166. They are also mandatory; and a substantial compliance with the conditions imposed is a condition precedent to the maintenance of an action against a municipality. *Collins v. Spokane,* 64 Wash. 153, 116 Pac. 663, 35 L. R. A. (N. S.) 840.

Turning to the claim here in question, it seems to us to be at once apparent that there is no description of the defect which caused the injury. The recital is that the injury was caused ''by defective sidewalk located on the northerly side'' of a named street. This is not to accurately describe a defect; it is but to state a general ground on which a recovery can be predicated. Plainly, therefore, there was no compliance with the technical requirement of the statute. We think, furthermore, there was not a compliance with the purposes and

intent of the statute. Statutes of this sort have a number of purposes. One of these is to give the municipal officers notice of the nature of the defect which caused the injury on which the claim for damages is founded, in order that they may pay or otherwise settle the claim before the municipality is mulct in costs. This right is denied them unless the particular defect is pointed out to them. It is a matter of common knowledge that many of the sidewalks in municipalities are defective in some respects—in fact, it is common knowledge that few, if any of them, are perfect. Not all of these defects, however, will give rise to a cause of action, even though they cause an injury. To say, therefore, that a sidewalk is defective at a particular place and that the defect caused an injury, without anything more, does not give the city that information the law contemplates it should have before suit is instituted against it.

The notice in question here is wholly insufficient, and the trial court should have sustained some one of the numerous challenges interposed to its sufficiency. The judgment is reversed, and the cause remanded with instruction to enter a judgment in favor of the defendant to the effect that the plaintiff take nothing by her action.

PARKER, C. J., HOLCOMB, MACKINTOSH, and BRIDGES, JJ., concur.