[No. 20403. Department Two. April 18, 1927.]

ELMER C. CULP et al., Respondents, v. CITY OF TEKOA, Appellant.[1]

[1] MUNICIPAL CORPORATIONS (566)—CLAIM FOR INJURY—SUFFICIENCY OF NOTICE. A claim against a city sufficiently describes the defect in a cross walk, in that it was built at an incline of approximately 90 per cent and that ice was allowed to accumulate at a great depth and cover the walk.

[2] SAME (567)—VARIANCE BETWEEN NOTICE AND CLAIM. Where a claim against a city describing a defective sidewalk as built on an incline of 90 per cent was an error in typewriting, in the use of the "zero" for a degree, and did not mislead any one, it is not error to allow proof that the incline was only 9%, where the complaint alleged that it was 25% and the answer admitted it was 17%.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered June 18, 1926, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for personal injuries sustained from a fall on a crosswalk. Affirmed.

J. P. Burson (Thomas Neill, of counsel), for appellant.

Harry Mosier and LeRoy McCann, for respondents.

[1]Reported in 255 Pac. 364.

MACKINTOSH, C. J.—The questions in this case concern the claim filed with the appellant for the personal injuries sustained by the respondents. As far as material, the claim reads:

"I hereby present to your honorable body a claim for damages for personal injury sustained by falling on crosswalk, said injury which consisted of a compound fracture of the right arm (permanent fracture) occurred while crossing the crosswalk across Howard Street on the north side of Henkle Street, in Huffman's Second Addition to Tekoa, Whitman County, State of Washington.

"That the defect in the crosswalk consisted of improper construction of crosswalk, in that it was not properly constructed in a reasonable safe way, in that it is built at an incline or pitch of approximately 90, and ice was allowed to accumulate at a great depth, which covered the walk at time of injury.

"That the injury was sustained by falling on walk on the 13th day of January, 1925."

[1] The first objection to this claim is that it does not accurately describe and locate the defect which caused the injury, under Rem. Comp. Stat., § 9481 [P. C. § 665]. We said in *Hase v. Seattle,* 51 Wash. 174, 98 Pac. 370, 20 L. R. A. (N. S.) 938, that claims of this kind should be interpreted with the same liberality that is applied to the interpretation of pleading. Applying that rule, it is clear that the respondents were asserting that the injury arose by falling on a crosswalk which was defective in being improperly constructed at a considerable incline, that ice had been allowed to accumulate thereon and that the injury was the result of the fall and caused by the defect. This claim differs greatly from that under consideration by this court in *Mears v. Spokane,* 22 Wash. 323, 60 Pac. 1127, where the claim merely stated that the injuries were caused by defects in a sidewalk, without setting

forth what the defects consisted of. Nor is the claim similar to that in *Hanan v. Wenatchee,* 117 Wash. 279, 201 Pac. 5, where the claim only stated that the injuries were caused by a defective sidewalk. There of course the claim did not advise the city as to what defects it should investigate and no mention was made of any accumulation of snow and ice. In the claim at bar it is clearly indicated that on an inclined walk ice had been allowed to accumulate. This certainly apprised the authorities of all that was necessary for them to know under the statute. *Born v. Spokane,* 27 Wash. 719, 68 Pac. 386; *Titus v. Montesano,* 106 Wash. 608, 181 Pac. 43.

[2] The next objection in regard to the claim is that proof was allowed to show that the incline was one of nine degrees. The figure "90" in the claim is apparently a typographical error, it being clearly the intention of the claimant to set out an incline of nine degrees. The use of the figure "zero" for a degree sign was an error in typewriting and did not mislead anyone, for in the complaint it is alleged that the incline had a grade of approximately 23% and the appellant in its answer admitted a grade of 17%, which is a grade approximately built on an angle of nine degrees. The evidence introduced to show the actual grade was not in fact a material variation from the claim and was properly admitted. *Piper v. Spokane,* 22 Wash. 147, 60 Pac. 138.

Judgment affirmed.

TOLMAN, ASKREN, and PARKER, JJ., concur