[No. 23778. Department One. July 7, 1932.]

HANNAH KNUTSON HAGUE, *Respondent*, v. FRANK J. McHUGH *et al.*, *Appellants.*[1]

*Ellis & Evans,* for appellants McHugh.

*W. W. Mount, John E. Gallagher,* and *Bartlett Rummel,* for appellant City of Tacoma.

*Leo Teats* and *Ralph Teats,* for respondent.

PARKER, J.—The plaintiff, Mrs. Hague, commenced this action in the superior court for Pierce county, seeking recovery of damages from the defendants, McHugh and the city of Tacoma, for personal injuries suffered by her; which, she claims, is the result of their negligent maintenance and use of a portion of the public sidewalk in front of McHugh's place of business in that city. Trial in that court, sitting with a jury, resulted in verdict and judgment awarding to Mrs. Hague recovery against the defendants jointly, from which they have separately appealed to this court.

[1]Reported in 12 P. (2d) 748.

It is contended in behalf of McHugh that the trial court erred in refusing to decide, as a matter of law, that the evidence does not support any right of recovery by Mrs. Hague as against him. The same contention is made in behalf of the city as to Mrs. Hague's right of recovery as against it. These questions were presented to the trial court by timely, appropriate motions, and are the only questions presented here.

The evidence is in serious conflict, but there was credible evidence warranting the jury in viewing the controlling facts to be, in substance, as follows: At the time Mrs. Hague was injured, and for several years prior thereto, McHugh was engaged in business under the trade name of "Coast House Wreckers," which name is descriptive of the nature of his business. During that period, his place of business, that is, his place of storage and disposition of his accumulated material, was located on the northwest corner of Tacoma avenue and 17th street, in the city of Tacoma, fronting about 150 feet on Tacoma avenue and about 120 feet on 17th street. During that period, there was along the 17th street frontage a public concrete sidewalk, within the boundaries of 17th street. That sidewalk was evidently originally constructed by the city; in any event, it was at all times in common use as a public sidewalk, which use was sanctioned by the city.

During that period, some seventy feet west of Tacoma avenue, McHugh maintained and used a vehicle entrance from 17th street into his place of business; also a vehicle crossing over the sidewalk opposite that entrance. These were continually used by him in the truck hauling of wreckage material to and from his place of business. During a period of some two years or more immediately preceding the date of the injury to Mrs. Hague, that vehicle crossing of the sidewalk became and remained much broken and out of repair,

to the extent that it was unsafe to walk upon, though not so manifestly unsafe as to suggest any great danger to a pedestrian approaching it. McHugh's trucks repeatedly passing over the crossing, was the cause of this continuing condition. The city, by reason of the length of time this condition of the crossing continued, the jury was well warranted in concluding, had knowledge of such condition, and by its inaction permitted such condition to so exist and continue.

On February 2, 1931, Mrs. Hague walked west from Tacoma avenue along the sidewalk on 17th street in front of McHugh's place of business. She testified that she "did not know that the sidewalk was broken." She was carrying a number of articles, making a somewhat large and unwieldy load for a pedestrian. She further testified: "I wasn't looking down because I thought the sidewalk was all right." When she came upon the broken portion of the sidewalk in the crossing, she fell and was painfully injured. She testified: "My foot turned and I fell over this way [indicating]." She did not more specifically testify as to what caused her foot to turn, resulting in her fall, but her testimony is plain that she fell while on the broken concrete crossing. The jury could well believe that the turning of her foot and her fall were the result of her stepping upon some broken, uneven portion of the concrete of the crossing.

These being the controlling facts, as the jury might have, and manifestly did, view them, we think they well support the verdict and judgment, both as against McHugh and the city; as to the former, because of his actual use of the crossing, causing it to become and remain in the condition above noticed; and as to the latter, because of its knowledge of that condition and its inaction with reference thereto.

Counsel for both McHugh and the city cite and rely upon our late decision in *Walker v. Washington State Theatres, Inc.,* 165 Wash. 608, 5 P. (2d) 981. We think our announcement therein is not controlling in our present inquiry. In that case, there was nothing upon which the injured plaintiff could have tripped or caused her to fall. Here, we have the broken concrete of the crossing, which the jury might well conclude was in such condition as to be likely to cause such an accident as befell Mrs. Hague. Our decision in *Smith v. Tacoma,* 163 Wash. 626, 1 P. (2d) 870, renders it plain that it cannot be decided, as a matter of law, that Mrs. Hague was guilty of contributory negligence.

We conclude that the judgment must be affirmed, both as against McHugh and the city. It is so ordered.

TOLMAN, C. J., MITCHELL, HOLCOMB, and HERMAN, JJ., concur.