[No. 23775. Department Two. December 28, 1932.]

J. E. AGER *et al., Respondents,* v. THE CITY OF TACOMA, *Appellant.*[1]

*W. W. Mount, John E. Gallagher,* and *Bartlett Rummel,* for appellant.

*Lloyd & McGavick,* for respondents.

BEALS, J.—Plaintiffs, who are husband and wife, filed a claim against the city of Tacoma for damages suffered by plaintiff Mary Ager (who will hereinafter be referred to as though she were the sole plaintiff), resulting from her fall on a sidewalk which Mrs. Ager alleged to have been defective and broken, and upon which, because of the defect, she tripped and fell. The defendant denied all negligence on its part, but a trial to the court sitting with a jury resulted in a verdict in plaintiff's favor in the sum of one thousand dollars. From the judgment entered upon this verdict, defendant appeals.

The only error urged by appellant is the ruling of the trial court denying its motion for judgment in its

[1]Reported in 17 P. (2d) 601.

favor notwithstanding the verdict, which motion appellant contends should have been granted for the reason that, as appellant argues, there was a variance between the testimony as to the place and cause of the accident and the claim filed with the city and the complaint based thereon, and for the further reason that the record fails to disclose any actionable negligence on the part of appellant.

We shall first discuss the question of the negligence of the city, as disclosed by the evidence. Respondent testified that, early in the morning of January 23, 1931, she was walking rapidly along the sidewalk in question, with which she was unfamiliar, and that her foot caught in a break in the surface of the walk, throwing her to the ground, with the result that she was severely injured. Respondent testified that her foot caught in a hole in the sidewalk, her shoe becoming wedged in the break, with the result that the heel of her shoe was broken off, and that she disengaged her foot only with difficulty.

Appellant argues that the defective condition of the sidewalk was not shown, and that this case is controlled by the rule laid down in the cases of *Mears v. Spokane,* 22 Wash. 323, 60 Pac. 1127; *Grass v. Seattle,* 100 Wash. 542, 171 Pac. 533; *Hanan v. Wenatchee,* 117 Wash. 279, 201 Pac. 5; and *Walker v. Washington State Theaters, Inc.,* 165 Wash. 608, 5 P. (2d) 981. While it is true that the testimony as to the defect in the sidewalk, which resulted in respondent's fall, is not as clear as it might be, still, examination of the record convinces us that there was sufficient testimony as to the condition of the sidewalk to take the case to the jury, and, a verdict having been returned in respondent's favor, we cannot hold, as matter of law, that the trial court erred in refusing to render judgment in appellant's favor notwithstanding the verdict.

There is testimony in the record to the effect that the sidewalk had been broken and defective for a considerable period of time, and, while the particular defect which resulted in respondent's injury is not positively identified by other witnesses, or located by respondent herself, we feel that appellant is not entitled to judgment in its favor, as matter of law, the verdict of the jury being supported by competent evidence. From the testimony, the jury was warranted in finding that the sidewalk was in bad condition, and had been in that state for a considerable period of time. Respondent's testimony that she fell and was hurt was uncontradicted. We are in hearty accord with the rule that the mere fact that someone has tripped on a city sidewalk and suffered injuries from a resulting fall will not make the city liable in damages, but the record herein takes this case without the rule contended for by appellant.

Appellant introduced no evidence, save medical testimony as to respondent's physical condition; the question of fact as to the condition of the walk and respondent's falling thereon going to the jury upon the case as made by respondent.

As to appellant's contention that there is a variance between the testimony as to the place and cause of the accident and the claim filed by respondent with the city and her complaint based thereon, we are satisfied, from our examination of the record, that the same affords appellant no relief upon the grounds indicated. The complaint followed the claim with sufficient accuracy to enable respondent to base her cause of action thereon, and we find no error in the admission of any testimony beyond the issues or which constitutes any variance.

The questions presented bear some similarity to those considered by this court in the cases of *Smith v.*

*Tacoma,* 163 Wash. 626, 1 P. (2d) 870, and *Hague v. McHugh,* 168 Wash. 575, 12 P. (2d) 748.

Finding no error in the record, the judgment appealed from is affirmed.

TOLMAN, C. J., MAIN, and STEINERT, JJ., concur.